# Tuskaloosa County *v.* Logan.

*Action against County for Breach of Contract.*

1.   *Complaint; sufficiency of.*—A complaint in an action against a county claiming damages for the breach of an agreement made by the county with the plaintiff, averring that "plaintiff entered upon the execution of the contract, and was ready and willing to perform his duty in the premises, but that the Court of County Commissioners refused to recognize the agreement, and re-let the contract to another, and refused, after due presentation, to allow the claim, &c.," discloses a substantial cause of action against the county, and is not demurrable because it fails to aver that the agreement was in writing, or by matter of record, or liable to objection for being so vague and indefinite as not to present an issue.

2.   *Same ; what not misjoinder.*—"Common counts" for work and labor done, may be added to such complaint without producing a misjoinder.

3.   *Admissibility of the record of Commissioners Court to show liability of the county.*—The records of the Commissioners Court in regard to the contract, are relevant evidence, and should not be excluded "because insufficient to charge the county," when there is other evidence introduced, which in connection with the record, tends to show the liability of the county.

4.   *Evidence that the bridge was in the county,* is also relevant and can not be excluded.

5.   *Written notification from presiding judge of Commissioners Court; when admissible in evidence.*—A written notification from the presiding judge of the Commissioners Court to certain persons, with whom plaintiff contracted after seeing it, informing them of their appointment as commissioners to let out the contract for building the bridge, is properly admitted in evidence for the plaintiff, after the production of the records of the court showing the authority of the presiding judge to make the appointment.

6.   *General exception to charges; what is; when not available on error.* Where the bill of exceptions shows that the court gave several charges or instructions to the jury, "to which charges of the court the defendant excepted," the exception is a mere general exception to the whole of them, and not available on error unless all of them are erroneous.   Also, where the bill of exceptions shows that a party " asked the court to charge the jury as follows, in writing, which several charges, as asked, were all refused, to which

[Tuskaloosa County v. Logan.]

defendant excepted," to-wit:—setting out the charges—the exception must be held a single and entire exception to the refusal to give the charges as presented, and not available in error unless all the charges asked should have been given.

7. *Contract; when binding without subsequent ratification.*—An order by the Commissioners Court for the appointment of commissioners "to locate and let out the contract for building said bridge, at public outcry, and report to this court," does not require a ratification of the contract by the court before it becomes binding, but merely that the contract should be reported to it, that it might have the proper evidence on file of its transactions and obligations.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

.This action was brought on the 19th of March, 1873, by the appellee, Andrew Logan, against the appellant, Tuskaloosa County, for fifteen hundred dollars, damages for an alleged breach of agreement, entered into between the appellant and appellee, for the construction of a bridge over North river, in said county, in pursuance of an order of the Court of County Commissioners, of the following import : " August adjourned term, September 4. Ordered, that a bridge be built across North river at, or near, Whitson's ford, on the Jasper road. Ordered, that Wm. M. Crump, W. T. Whitson, and J. W. McDuff, be appointed commissioners to locate and let out the contract for the building of said bridge, at public outcry, to the lowest bidder, and report to this court." The evidence was, that the commission issued to said three commissioners, and that the bridge was finally let to the appellee by said commissioners, and that the appointment and authority, under which said commissioners acted, was read in the hearing of the appellee at the time of the letting of the contract. The bridge was let to Andrew Logan, the appellee, at $5.95 per foot; the contract was reduced to writing, requiring the work to be commenced in twenty days, and finished in ninety days thereafter. It appears that Logan commenced the work within the time agreed; that the bridge was 240 feet long, and, at the contract price, ($5.95 per foot), was worth $1,428; that he expended in work and labor on the job, from $150 to $600. The testimony is conflicting as to whether the work was done exactly in accordance with the requirements. At the special term of the County Commissioners Court, after Logan had made some progress in the work, in December, 1871, the commissioners who were appointed to let the bridge, reported to the Court of County Commissioners the fact of having "let out" the contract; whereupon said court refused to ratify the same. At the subsequent regular term, April 8, 1872, they ordered the

[Tuskaloosa County v. Logan.]

contract to be re-let. Appellee appeared before the said court subsequently, and presented his claims, which they refused to consider. He thereupon claimed that the action of the court on December 27, 1871, and April 8, 1872, were repudiations of their contract with him, and no objection, or disclaimer, it seems, was made. The probate judge, presiding over said court, gave as a reason for the refusal to ratify the contract in December, 1871, and the re-letting in April, 1872, that the contract price ($1,428) was too much— more than the job was worth.

There are two counts in the complaint for damages : *first*, the alleged refusal of the Commissioners Court to recognize the contract; and, *second*, the revocation of the same by ordering it to be re-let to another person. Several "common counts," for work and labor done, were subsequently added by way of amendment, by permission of the court below. The defendant put in a demurrer to the original complaint, which demurrer was overruled; and also a demurrer for misjoinder, to the complaint as amended, and for all the causes set down in the demurrer to the original complaint. This demurrer was likewise overruled. After this the defendant put in several special pleas, and also the "general issue."

The plaintiff in the court below (the appellee) introduced certain records, or minute entries of the Commissioners Court of Tuskaloosa County, of an adjourned term of the regular August term ; also, of a special term, held December 27, 1871; also, the record of proceedings had at the regular April term, 1872. To the introduction of which the defendant objected, on the ground that it was insufficient to charge the defendant; which objection was overruled and the defendant excepted. The aforesaid three persons were proved to have been appointed commissioners to let out the contract for building the bridge in question, which was in Tuskaloosa county, their instructions being produced in writing. The defendant objected generally to this proof. These written instructions say nothing of any requirement that the contract was to be ratified by the Commissioners Court before being valid and binding, though they direct the commissioners to *report* to the court. It was also proved that the judge of probate (of Tuskaloosa county), before Logan commenced his work, but apparently without any authority from the Commissioners Court, told Logan that "he had better not commence the work," until the contract was ratified by the court. The court, among other instruc-

tions, charged the jury in effect, that the various acts of the
Commissioners Court, and its agents, were sufficient to charge
the county, without ratification by the Court of County
Commissioners, and that appellee could recover for the value
of his work, and also the probable profits which he would
have realized had he completed the contract. A general
exception was taken to the charges given. Several written
charges were asked by defendant and refused, to which
defendant excepted. The jury found a verdict for the
appellee. The defendant (appellant) assigned as errors:
*first*, overruling the demurrers to the original and amended
complaints; *second*, the admission of testimony objected to ;
*third*, the charges given and refused.

VAN HOOSE & POWELL, for appellant.—1. The demurrer
should have been sustained, because the complaint does not
show that there was a binding contract made by *"proper*
*officers"* in a *"proper case,"* as in *Montgomery County v.*
*Barber*, 45 Ala. 237. That the defendant could make a con-
tract only through its sole agent—the Commissioners Court.
The Commissioners Court is a court of special and limited
jurisdiction, and everything necessary to that jurisdiction
must affirmatively appear from the record. Where an act is
done by such a court, nothing can be intended.—See Brick.
Dig. p. 441, § 203. Hence the complaint should have set
out the *nature, terms, and character of the act of the court*, so
that it could have been seen whether or not an action could
be supported thereon. The complaint is faulty in failing to
present a *"single issue."*—1 Chitty, 577. This being an
action to recover *unliquidated damages,* adding the "common
counts," as in *assumpsit*, was a misjoinder.— *Vincent v.*
*Rogers*, 30 Ala. 475, (of opinion) 35 *ib.* 551; 37 *ib.* 279.
Section 2637, Revised Code, does not aid the "common
count" in this case. That section merely leaves the rule as
it was before section 2235 (old Code, prior to above cases),
save that it permits a union of all actions, for the payment
of money *in numero*, whether the claims are sealed notes or
open accounts, or both together. Covenant is the peculiar
remedy for non-performance of a contract under seal, when
the damages are unliquidated and depend in amount on the
opinion of a jury ; in which case neither debt nor *assumpsit*
can be supported.—1 Chitty, 114; 2 Parsons on Con.
56, n. Hence the common count to the complaint in this
case is a misjoinder.—Brick. Dig. 146, §§ 166, 168–186 ;
*Ward v. Neal*, 35 Ala. 602.

[Tuskaloosa County v. Logan.]

2. In an entire contract there can be no recovery for work and labor done upon the contract until it is fully performed.—Authorities in Shepherd's Dig. p. 499, § 157. Where work is not done according to stipulations there can be no recovery, unless the work has been received by the other contracting party.—Authorities collated in Brick. Dig. p. 146, § 162.

3. The "record evidence" should not have been admitted, because said records fail to show the jurisdiction of the Court of County Commissioners by failing to show that said bridge is in Tuskaloosa county (*Commissioners Court Talladega v. Thompson*, 18 Ala. 134; S. C. 18, *ib*. 69), and that said records do not disclose that they are records of the Commissioners Court, and if they are of any value as records, showing jurisdiction of the subject matter, they then demonstrate with the other proof, that the then commissioners appointed by the court to "let" the contract, had no authority to "*close*" it without "reporting" to the court for approval. The court below erred in admitting *parol* proof against appellant's objection, that the said bridge was in Tuskaloosa county.—45 Ala. 673.

4. The objections to the charges given are: *first*, that as a whole, they assume that the "*letting*" by the three persons appointed by the court, was binding on the county without any report to or ratification by *the court*, whether appellee was informed, at the time of the "letting," or not, that the "order" of the court appointing said three persons required them to "*report to the court;*" *second*, that they authorized the jury to render a verdict for the value of labor done, on an entire contract, before it is completed, in the absence of proof when payment was, by terms of the contract, to be made, and to recover the probable *profits* of his contract in the face of the proof that the work, so far as performed, *was not according to the terms of the contract.* That the fifth charge given makes the jury the judges of what was "*a good and sufficient reason*" for the appellee's abandonment of the contract before its completion. That the fourth charge assumes that the Commissioners Court, as a court, by its action on the 27th of December, 1871, did so far violate and attempt to rescind the contract as to justify appellee's abandonment of it, and bring this suit, thereby ignoring the proof that he had already abandoned it. That the sixth charge assumes that neither the Commissioners Court nor the judge of probate had the right, under all the circumstances, to rescind the contract; and if they undertook to do so, that

appellee had the right to bring this suit and recover for his "work" and his "profits;" whereas we insist that if the Commissioners Court could not rescind the contract, then appellee abandoned it, in his own wrong; or, if not so, he still can not recover in this action for his labor. That the seventh charge was erroneous in asserting that there was no other evidence that the "*letting*" must have been reported to and *ratified* by the court.

5. The case of *Montgomery County v. Barber,* 45 Ala., relied upon by appellee's counsel, is mere *dicta,* so far as it goes to sustain the case of appellee, and can not be held to overrule the long current of decisions in regard to the *jurisdiction* of Commissioners Courts.—See cases collated in Brick. Dig. p. 442, § 206.

6. The building of a bridge is not one of the duties to be performed by the Commissioners Court at such special term. 20 Ala. 446, and cases cited in 1 Brick. Dig. p. 441, § 203, and p. 442, § 206.

SOMERVILLE & McEACHIN, *contra.*—1. The complaint is sufficient under the rules of pleading prescribed by the Code. Revised Code, § 2629. The demurrer for misjoinder is not well taken. It is plain that in an action of this character the common counts can be added.—Revised Code, § 2637 ; 31 Ala. 542 ; 37 Ala. 279. The demurrers which raise the question as to whether or not the complaint must show in an action against a county that the contract was a matter of record or in writing, are not well taken, for a county can make a contract by *parol* just as an individual.—*Montgomery County v. Barber,* 45 Ala. 237 ; *City of Selma v. Mullen,* 46 Ala. 411.

2. The objections to the evidence were all too vague and indefinite, no specific ground of objection being urged. *Newton v. Jackson,* 23 Ala. 335 ; 10 Ala. 451. The special pleas of defendant which set forth substantially the proceedings of the September term of the Court of County Commissioners can be used as evidence, being an admission under the general issue.—*Alderman v. French,* 1 Pick. (Mass.) pp. 1 and 16.

3. The testimony was properly admitted showing the written authority under which the agents of the county let out the bridge, and the fact of the place of construction being located in Tuskaloosa county.—1 Dillon on Municipal Corp. § 237 ; 1 Carter (Iowa), 281. The principle is well settled that the neglect of municipal or other corporate bodies to

keep correct minutes of their acts *can not prejudice the rights of creditors,* and the facts may be shown by *parol.—Ib.;* 1 Dillon, § 237 n.; 1 Dutch. (N. J.), 297; 9 Tex. 69; 33 Iowa, 105.

4. The charges asked by the plaintiff (appellee) were properly given.—Sedgwick on Damages, p. 265 (223), notes 1 and 2; *Friedlander v. Pugh et al.* 43 Miss. 111; *Clark v. Marsiglia,* 1 Den. 318.

5. The principle invoked by appellant, that the Commissioners Court being a court of limited jurisdiction, the record must show every fact necessary to confer such jurisdiction, or its acts are void, does not apply here, but only in direct proceedings where the validity of such records is assailed. It has no application when such records are *collaterally* assailed.—26 Ala. 570; 15 Ala. 139, 140.

MANNING, J.—The first special count in the complaint of appellee, who was plaintiff in the Circuit Court, alleges in substance that an agreement was made with him by the defendant, Tuskaloosa County, for the building of a bridge in said county, in consideration of the sum of $1,500; that he entered upon the execution of it, and was ready and willing to perform his duty in the premises; but that the Court of County Commissioners of the county refused to recognize, and revoked the agreement and re-let the contract of building the bridge to another person. Wherefore he brings his suit, having first presented his claim to the Court of County Commissioners, who refused to allow it.

The second count alleges that the agreement was to build a bridge about 240 feet long, at $5.95-100 a foot—and its other averments are substantially the same as those in the first count.

1. The law does not require that the complaint should aver that the agreement was in writing, or by matter of record. The assignments of these matters, as grounds of demurrer, were, therefore, not well made. According to the rules for pleading prescribed by the Revised Code, the complaint sufficiently set forth causes of action, and the demurrers were properly overruled.

2. The demurrer to the complaint—as amended by adding a common count for work and labor done—for misjoinder of causes of action, was also properly overruled. A joinder of such causes of action was permitted by the old law, and is expressly authorized by section 2637 of the Revised Code.

. [Tuskaloosa County v. Logan.]

3–4–5. The evidence of the records of the Court of County Commissioners was directly relevant to the matters in controversy. The objection " that it was *insufficient* to charge the defendant," was not a good reason for refusing to let it go, with other evidence, before the jury. Nor was there any error in disallowing the objection to the judge of probate's communication to Whitson, Crump and McDuff, informing them that they had been appointed commissioners to locate the bridge to be constructed, and to let out the contract to build it, to the lowest bidder, at public outcry. The minutes of the Court of County Commissioners, in which the judge of probate presided, had been produced, and showed that the appointment thus communicated had been made by the court; and one of the commissioners proved that the communication itself, which was in fact their commission, was read to plaintiff when, or before, the agreement made in writing with him was entered into. It was a part of the transaction by which the parties were brought together, and under obligations to each other. It was proper also to allow, against defendant's objection, the testimony that the bridge was in Tuskaloosa county.

6–7. The court gave to the jury nine several charges, or instructions, most, if not all of them, correct expositions of the law of the case. The only exception to these was one general to them all. According to several decisions of this court, such a general exception can not be sustained, unless the instructions were all erroneous. The charges asked on behalf of appellant, and which the judge refused to give to the jury, were seven in number. They were presented together, according to the bill of exceptions, and the court was requested to give them as instructions to the jury, and refused to do so; to which refusal a single entire exception was taken. Therefore, if any of them ought to have been refused, we can not reverse the judgment though some of them might properly have been given. Without scanning the others, the sixth of these instructions is as follows: "That under the terms of the order, directing the letting, it was necessary that said letting should be approved by the Court of County Commissioners, before it was binding on the county." We do not so understand the terms of that order. On the contrary, the authority to the commissioners is express, "to locate and let out the contract for building said bridge, at public outcry, to the lowest bidder, and report to this court." Here is no intimation that a subsequent ratification by it was necessary to the completion of a binding

contract. It was only required that the contract, when made, should be reported to the court, that it might have the proper evidence on file of its transactions and obligations.

Let the judgment of the Circuit Court be affirmed.