[Reeves *et al.* v. McNeill.]

# Reeves *et al. v.* McNeill.

## *Action of Trespass.*

1. *Husband and wife; husband's authority to act as agent need not be in writing; knowledge of vendor immaterial.*—Where a husband has acted as the agent of his wife in purchasing property for her, in a suit between the wife and a stranger to a contract by which she acquired the property, who seeks to subject such property to the husband's debt, it is immaterial whether the husband's authority to act as agent for his wife was in writing or not, or whether she had his written consent to purchase the property, or whether the vendors of the property knew that the husband was acting for his wife in the purchase thereof.

2. *Action of trespass; admissibility in evidence of indemnity bond.* In an action of trespass against a sheriff and the makers of an indemnity bond given him, seeking to recover damages for the wrongful taking of personal property under the levy of an attachment, where it is shown that before the sheriff levied the writ upon the property claimed by the plaintiff, he demanded of the plaintiff in attachment an indemnity bond, which was given by the other defendant in the pending suit, such indemnity bond is competent evidence to connect the defendant sureties with the alleged trespass, and is admissible in evidence.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This was an action of trespass brought by the appellee, A. E. McNeill, against the appellants, S. M. Reeves, Augustus Wright, John Darby, Jr., and James B. Darby, to recover damages for the alleged wrongful taking of an alleged stock of goods, which belonged to the plaintiff.

The defendants pleaded the general issue and a plea in which they set up that the property was taken under the levy of a writ of attachment issued in a suit in which Augustus Wright was plaintiff and J. J. McNeill, the husband of the plaintiff, was defendant. The said writ of attachment was levied by Reeves upon the property de-

scribed in the complaint, which said property was in the possession of J. J. McNeill and had been bought with money from the proceeds of personal property, voluntarily given to the plaintiff, A. E. McNeil, by her husband, J. J. McNeill.

It was shown upon the trial of the case that the defendant, S. M. Reeves, the sheriff of Pike county, levied a writ of attachment which was sued out by Augustus Wright against J. J. McNeill, the husband of the appellee, upon the property involved in this controversy; that before levying said writ, however, he demanded a bond of indemnity which bond was executed by the other defendants in the present suit, Augustus Wright, John Darby, Jr., and James B. Darby. The suit was instituted on March 29, 1898, and the trial was had on August 26, 1898.

The evidence for the plaintiff showed that she was the wife of J. J. McNeill, that some time before March 1, 1898, she gave J. J. McNeill $225 and requested him to go to Montgomery and buy her a stock of goods; that her husband, as her agent, went to Montgomery, and bought the goods and they were put in her store; that shortly after said goods were bought and put in the store occupied by the plaintiff, they were levied upon and sold under a writ of attachment issued in the suit of Augustus Wright against J. J. McNeill, which was levied by the defendant, S. M. Reeves.

The plaintiff as a witness in her own behalf testified that of the $225 she gave to her husband for the purchase of said goods, she borrowed $100 thereof from one Williford, giving her note, and that the remaining $125 she had saved of her own earnings since her marriage, having made a part of it from cotton which she raised in a small patch; and that she was married to J. J. McNeill twelve years before the trial.

It was further shown by the evidence that when J. J. McNeill went to Montgomery for the purchase of the goods, said Williford went with him and introduced him to the firm of Winter, Loeb & Co. in Montgomery; that McNeill told said firm that he would want a small line of credit, and upon their agreeing to extend it to him, he

[Reeves *et al.* v. McNeill.]

bought about $350 worth of goods; that he paid the $225 given to him by his wife as part payment, and had the balance charged to A. E. McNeill.

One S. Jacobs was introduced as a witness for the defendant and testified that he was an employe of the firm of Winter, Loeb & Co.; that during January, 1898, J. J. McNeill came to the store of said firm and purchased about $350 worth of goods; that he paid $225 and had the balance due charged to A. E. McNeill; that the said firm did not know at the time of making said charge that they were selling the bill of goods to the wife of J. J. McNeill; that they supposed they were making the credit to the husband and not to the wife. There was introduced in evidence the written consent of J. J. McNeill for his wife to carry on a mercantile business in her own name in the town of Brundidge, Pike county, Alabama, which place was where she was engaged in business at the time of the levy of the attachment on the goods involved in this suit. This written consent was dated February 9, 1898.

The plaintiff introduced in evidence the bond of indemnity which was given to the plaintiff by the other defendants, Augustus Wright, John Darby, Jr., and James B. Darby. The defendants objected to the introduction of this bond in evidence upon the ground that it was irrelevant, immaterial and incompetent evidence. The court overruled the objection, and the defendant duly excepted.

Upon the introduction of all the evidence, the defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will find for the defendant." (2.) "The court charges the jury that if the goods were bought before the 10th day of February, 1898, when J. J. McNeill's consent for his wife to do business was filed in the probate office, then the plaintiff can not recover." (3.) "The court charges the jury that if Mrs. McNeill saved up this money by means of a cotton patch and that cotton was raised on her husband's land and cultivated at her husband's expense, then the money

12

would be voluntarily given to her by J. J. McNeill, and plaintiff can not recover."

There were verdict and judgment for the plaintiff, assessing his damages at $233. The defendants made a motion for a new trial upon the grounds that the court erred in refusing to give the several charges requested by the defendants; that the verdict was contrary to the law and contrary to the evidence in the case. This motion was overruled, and the defendants duly excepted thereto. The defendants appeal, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. H. WILKERSON, for appellant, cited Benjamin on Sales (6th ed.) 60; *Rodliff v. Dallinger,* 55 Amer. Rep. 439; *Gardner v. Lane,* 12 Allen 39; 3 Amer. & Eng. Encyc. of Law (1st ed.) 823; Code of 1886, § 2346.

FOSTER, SAMFORD & CARROLL, *contra,* cited *Wood v. Wood,* 122 Ala. 651; *Lester v. Vowell,* 122 Ala. 264; *Vandyke v. State,* 22 Ala. 57; *Holly v. Young,* 69 Ala. 89; *Tobias v. Trust,* 103 Ala. 664.

SHARPE, J.—The evidence shows that by the plaintiff's direction the goods taken in execution as the property of plaintiff's husband were bought in her name and partly paid for with her money and that the unpaid part of the price was charged to her. As between the present parties it is immaterial whether the vendor knew that plaintiff's husband was acting for her in the purchase. If ignorant of that fact it may be that the vendors could have avoided the transaction, but they had also the right to treat it as the plaintiff's purchase, and so far as appears they have not questioned her ownership. The plaintiff was not by reason of coverture incapacitated from acquiring property in the goods, and her purchase was none the less effective because in making it she was represented by her husband, or that she had not his written consent.—*Lister v. Vowell,* 122 Ala. 264; 25 So. Rep. 564; *Carter v. Fischer, ante.* p. 52.

It is not shown that the plaintiff acquired either the goods or the money paid thereon by transfer from her husband. $100 of the money was borrowed by her from a third person and the balance of $125 she "saved by littles" during her married life, principally from cotton raised by her. If so acquired since the statute of February, 1887, the latter sum would be classed as the plaintiff's earnings and consequently as her property. That the accumulation was subsequent to the act, is fairly inferable from the plaintiff's statement that she had been married only twelve years, which period, lacking only a few months, had elapsed between the act and the trial. Even if part was earned before the statute, her husband in the absence of actual fraud and as against subsequent creditors, could have renounced its ownership in favor of the plaintiff.—*Bates v. Morris*, 101 Ala. 282. The record contains no evidence of fraud in that connection, and it fails to show when the execution creditor's debt against J. J. McNeill was contracted, or even that it was prior to the purchase of these goods.

The bond indemnifying the sheriff was competent evidence to connect the defendant sureties with the alleged trespass, and the court was not bound to limit its effect without being requested to do so.

From what we have said it follows that there was no error in the refusal of charges 1 and 2. Charge 3 was abstract. There is no evidence that the cotton mentioned was raised on lands of the plaintiff's husband or at his expense. The evidence does not sustain either plea. It was without contradiction and supports the verdict. The motion for a new trial was properly overruled.

Let the judgment be affirmed.

