# Ponder *v.* Morris & Brothers.

## *Assumpsit.*

(Decided July 2, 1907. 44 South. 651.)

1. *Husband and Wife; Family Expenses Sales; Action for Price; Sufficiency of Complaint.*—A complaint which alleges that plaintiff delivered goods to defendant's family at the request of defendant's wife, for their use and consumption, such goods being sold to defendant and delivered on his assent, sufficiently shows, as against

demurrer, that the husband authorized the delivery of the goods to his family and that they were delivered at his request.

2. *Same.*—A complaint alleging that defendant's wife represented to the plaintiffs that her husband had a good position and asked for credit on that basis, and upon such representation plaintiff delivered to defendant's wife goods for the use of the family, which were sold on the account of the husband, and sold and delivered with his assent, sufficiently shows, as against demurrer, that the delivery of the goods to his family was authorized by the husband and that they were delivered at his request.

3. *Same; Liability of Husband for Supplies.*—The common law liability of the husband for necessary comforts and supplies furnished the wife and family, suitable to their condition and degree in life, is not abrogated by the statute authorizing married women to contract for themselves.

4. *Courts; City Courts; Review of Finding.*—Although the act establishing the city court of Birmingham provides that the conclusion of the trial court, sitting without a jury, upon the evidence, may be reviewed by this court without any presumption in favor of the finding of the lower court, this court cannot disregard the fact that the trial court heard the witnesses in person, and had better opportunity to determine what weight should be accorded the evidence.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by D. W. Morris & Bro. against M. A. Ponder. From a judgment for plaintiffs, defendant appeals. Affirmed.

This was an action by D. W. Morris & Bro. and the individual members composing the partnership against M. A. Ponder. The first count was for balance due on goods, wares, and merchandise, sold and delivered to defendant in 1902. The second count was for balance due on account of goods, wares and merchandise sold and delivered to defendant's family, at the request of defendant's wife, for their use and consumption, during the years 1901 and 1902; said goods being sold to defendant and sold and delivered on his assent. The third count was for the reasonable market value of said goods sold and delivered. The fourth count alleges that defendant's wife came to plaintiffs, and represented to them that her husband was working and had a good job,

and asked for credit, and by virtue of said representa·
tion said plaintiffs delivered to defendant's wife goods
for the use of their family, which were sold on the ac-
count of the husband and sold and delivered with his
assent. The demurrers raise the question as to whether
the counts showed an authorization by the husband of
the delivery of the goods to his family, and also that
the count failed to show that the goods were delivered
at the request of the husband. There was some evi-
dence tending to show that the wife was a free dealer,
and that she contracted on her own account for these
goods.

FRANK S. ANDRESS, for appellant. The fact that the
goods were furnished and charged to her is sufficient to
show prima facie that the credit was given the wife and
not the husband.—*Pearson v. Darrington*, 32 Ala. 237;
*O'Conner v. Chamberlain*, 59 Ala. 431; *Gayle v. Mar-
shall*, 70 Ala. 523. Before the action can be maintained
against the husband for necessities furnished the wife,
it must appear that the husband refused or neglected
to supply the necessities and the burden is on him who
asserts it.—*Cunningham v. Rearden*, 98 Mass. 538; 101
Mass. 78; 114 Mass. 424. The wife had full legal ca-
pacity to contract.—Section 2525-2527, Code 1896. The
common law liability of the husband for necessities
and suitable comforts is rested upon the assumption
that credit was given to the husband and not to the
wife, and that the purchase was made with his implied
assent.—*Gafford v. Dunham*, 111 Ala. 553; *Hughes v.
Chadwick*, 6 Ala. 651, and authorities supra. The hus-
band will not be held liable for goods purchased by her
on his credit without his previous authority or subse-
quent sanction, where he suitably supplies his wife with
necessities, or with money to purchase them.—15 A. &
E. Ency. of Law, 82.

J. T. LOWERY, and LOWERY & MOORE, for appellee. The husband is bound by common law to support his wife and family.—9 A. & E. Ency. of Law, 815. The husband is liable under the common law, for necessities and suitable comforts furnished his family, where the credit is given to him with his implied assent.—*Hughes v. Chadwick*, 6 Ala. 651; *Pearson v. Darrington*, 32 Ala. 231; *O'Conner v. Chamberlain*, 59 Ala. 431; *Gayle v. Marshall*, 70 Ala. 522; *Gafford v. Dunham*, 111 Ala. 551.

DOWDELL, J.—The demurrer interposed to the amended complaint was without merit.

The case was tried by the court without the intervention of a jury. The testimony of the witnesses was delivered ore tenus. The evidence was in conflict. While, under the practice act of the city court of Birmingham (Acts 1888-89, p. 998, § 11), the conclusions and judgments of the trial court upon the evidence may be reviewed on appeal without any presumption in favor of the ruling of the court below on the evidence, yet this court should not disregard the fact that the trial court, in having the witnesses in person before it, had better opportunity in determining what weight should be accorded to the testimony of the witnesses, respectively.

Notwithstanding the wife, under our statute, may contract and be contracted with, and be sued upon such contracts, still this does not take away the common-law liability of the husband for necessary comforts and supplies furnished the wife, suitable to their condition and degree in life.—*Gafford v. Dunham*, 111 Ala. 551, 20 South. 346.

There was evidence tending to support every essential averment in the complaint, and while there is a conflict as to whom the credit was given, whether to the wife or to the husband, and as to whether the account

had been paid or not, we are not prepared upon the whole evidence to say that the trial court, in its judgment and conclusion, was in error. The judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.