(113 So. 243)

## CRAGFORD BANK v. CUMMINGS.
### (7. Div. 725.)

Supreme Court of Alabama. May 12, 1927.

Rehearing Denied June 15, 1927.

1. Fraudulent conveyances ⬉104(2)—Tenant's agreement with wife that family should finish crop and hold it for their use held not void as to husband's existing creditor (Code 1923, §§ 7807, 8267, 8272).

Transaction in which tenant, finding himself stripped of equipment with which to make crop, entered agreement with his wife under which family finished crop and held it for their use, *held* not fraudulent as against existing creditor of husband, and title to grain was not in husband subject to execution, in view of Code 1923, §§ 7807, 8267, 8272.

2. Husband and wife ⬉126(1)—Wife's earnings are separate property, but she is not entitled to compensation for services to husband or family (Code 1923, § 8262).

Earnings of wife are her separate property so far as concerns husband's creditors, but she is not entitled to compensation for services rendered to or for husband or to or for family, in view of Code 1923, § 8262.

3. Parent and child ⬉3(1), 5(1), 16—Father must support minor children, and is entitled to their services, but may emancipate child.

Father has legal duty to support minor children, and in return is entitled to their services, but he may emancipate child.

4. Husband and wife ⬉4—Husband cannot contract to impose on wife obligation to maintain family.

Husband may not by contract divest himself of obligation to maintain family and impose it on his wife.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Claim suit between the Cragford Bank, plaintiff, and Mrs. M. E. Cummings, claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Walter S. Smith, of Birmingham, for appellant.

A conveyance or assignment, made with intent to hinder, delay, or defraud creditors, is void. Code 1923, § 8038; Merchants' Bank v. Parrish, 214 Ala. 96, 106 So. 504; Moog v. Farley, 79 Ala. 246; Zelnicker v. Brigham, 74 Ala. 598. The burden of proving adequate consideration is upon the grantee. Moog v. Farley, supra; Zelnicker v. Brigham, supra. The attempted gift of the corn by the husband to the wife was void. First Nat. Bank v. Taylor, 142 Ala. 456, 37 So. 695; Bessemer Bank v. Anderson, 134 Ala. 343, 32 So. 716, 92 Am. St. Rep. 38; Anniston Nat. Bank v. Howell, 116 Ala. 375, 22 So. 471; Code 1923, § 8272; Meyer v. Sulzbacher, 75 Ala. 423. The wife is not entitled to compensa-

tion for services rendered to or for her husband, or to or for the family. Code 1923, § 8262; Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122. Any contract, agreement, or conveyance between husband and wife by which he is to pay her for her services is contrary to public policy and is null and void. Michigan Trust Co. v. Chapin, 106 Mich. 384, 64 N. W. 334, 58 Am. St. Rep. 490; Long v. Kinney, 49 Ind. 235; Dillon v. Dillon, 69 S. W. 1099, 24 Ky. Law Rep. 781; Chapman v. Kellogg, 102 Mass. 246; Rogers v. Wolfe, 104 Mo. 1, 14 S. W. 805; Henneger v. Lomas, 145 Ind. 287, 44 N. E. 462, 32 L. R. A. 848; Smiley v. Smiley, 18 Ohio St. 543; Schilling v. Darmody, 102 Tenn. 439, 52 S. W. 291, 73 Am. St. Rep. 892.

Pruet & Glass, of Ashland, for appellee.

A growing crop is not subject to levy and sale under execution, except for purpose of enforcing a lien. Code 1923, § 7807; Gaston v. Marengo Imp. Co., 139 Ala. 467, 36 So. 738. Hence the conveyance by defendant to claimant could not hinder, delay, or defraud plaintiff. Fellows v. Lewis, 65 Ala. 354, 39 Am. Rep. 1. Fraud without injury gives no right of action, and there is no room for fraud in such transactions. Carter Bros. v. Coleman, 84 Ala. 258, 4 So. 151.

BOULDIN, J. Plaintiff caused a waiver execution to be levied upon a crib of corn. The wife of the defendant in execution interposed her claim for trial of the right of property. The court, sitting as a jury, rendered judgment for the claimant. Plaintiff appeals.

The plaintiff produced evidence that the corn in part was grown on land rented by the defendant and cultivated by himself and family in 1924.

Claimant's evidence tended to show that about June 12th, while the crop was in cultivation, plaintiff took the teams and corn of the defendant under mortgage; ' that thereupon he entered into a written agreement with his wife, assigning to her the growing crop with other effects in consideration of love and affection and in further consideration that she would support and maintain the family; that thereupon she arranged for other teams, and with the labor of herself and children finished cultivation, gathered the crop, paid the rents, gave part of the crop for assistance in making it, and the remainder was in her possession, being used as family supplies when levied upon.

Her evidence further tended to show that, after the husband turned over the unfinished crop to the wife, he engaged in outside work, giving assistance in the crop a few days.

The plaintiff bank had brought suit upon the demand just prior to this contract between husband and wife, later obtained judgment thereon, and had it registered in the office of the judge of probate shortly before execution issued.

[1] The inference is clear from the whole evidence that the husband, finding himself stripped of the equipment with which to make the crop, entered into the arrangement with his wife, with a view to have his family go on and finish the crop and hold it for their use, rather than go in payment of plaintiff's debt.

The inquiry is, Was this transaction without consideration, fraudulent, and void as against the existing creditor of the husband, and was the title to the corn in the crib in the husband and subject to execution?

Plaintiff's view is that the husband, the head of the family, had the duty to support the family, that the services of his wife and children inured to him; that an agreement between husband and wife by which the latter undertakes to support the family is void; and that therefore the attempt to pass the crop to the wife was voluntary, infected with fraudulent intent, and void as against the plaintiff.

The question must be determined as of the date of the agreement in June.

It is not sufficiently shown that, by agreement with Mr. Farrow, the landlord, the husband was released as tenant and the wife substituted as such. This was immaterial. If the husband passed a valid title to his interest in the crop and arranged to have its cultivation finished and the rent paid, the wife's position, as between landlord and tenant, was that of a subtenant.

The growing crop was not subject to levy and sale under execution. Code of 1923, § 7807; Gaston v. Marengo Improvement Co., 139 Ala. 467, 36 So. 738.

The wife has full legal capacity to contract as if she were sole, except as otherwise provided by law. Code, § 8267.

She has the same power to contract with her husband, subject to the rules governing contracts between persons in confidential relations. Code, § 8272. These rules were already defined and merely declared by statute to be applicable to contracts between husband and wife.

As between them, it shields the wife from imposition or advantage taken by the husband by reason of the influence growing out of the relation. As to third persons it invites scrutiny into the bona fides of transactions where the husband and wife have a common interest, opposed to that of such third persons, but does not avoid them if good faith and a valuable consideration appears.

[2] Contrary to the common law, the earnings of the wife are her separate property; but she is not entitled to compensation for services rendered to or for the husband, or to or for the family. Code, § 8262.

The common wifely duties that inhere in the family relation are not abrogated by

this statute. The husband, as head of the family, is charged with its support and maintenance, in return for which he is entitled to the wife's services in all those domestic affairs which pertain to the comfort, care, and well-being of the family. Her labors are her contribution to the family support and care. Whether rendered in or out of the house, no implied obligation to pay arises. Strouse v. Leipf, 101 Ala. 433, 14. So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122.

On the other hand, the statute clearly recognizes earnings of the wife as her property. With the husband's consent, she may engage in business in her own name, may take employment and earn wages, may go into partnership with her husband in business. In all such cases her earnings, the product of her labors, whether in money or property, are hers to use as she will, so far as concerns the husband's creditors. Birmingham So. Ry. Co. v. Lintner, 141 Ala. 420; 38 So. 363. 109 Am. St. Rep. 40, 3 Ann. Cas. 461; Reeves v. McNeill, 127 Ala. 175, 28 So. 623; Compton v. Smith, 120 Ala. 233, 25 So. 300; Marcrum v. Smith, 206 Ala. 466, 91 So. 259, 20 A. L. R. 1303.

[3] Likewise the father has the legal duty to support his minor children, and in return is entitled to their services; but he may emancipate the child, allow him to earn for himself, free from the claims of the father or of his creditors.

Applying these rules, we have, under claimant's evidence, the case of the husband and father finding himself unable to complete his unfinished crop, contracts to turn it over to his wife, that she and the children may complete it for their maintenance and support.

The duty and obligation to support one's family is a legal one of equal dignity as the obligation to pay debt.

The effect of the transaction was to turn over an unfinished product, not available to his creditors, but a contribution to the support of his family, to be made available by the future labors of his wife and children. The arrangement placed the unfinished crop where these services would inure to their support. The creditor of the husband has no inherent right in the product of future services of the wife and children of the debtor.

[4] True, the husband may not by contract divest himself of the obligation to maintain his family and impose it upon his wife. · But this does not prevent him performing that duty by conveying to the wife that which she and the children may by their labors complete and make available for the purpose, under a contract from the wife so to do.

We do not hold that a growing or ungathered crop may not be the subject of a fraud-ulent sale. Notwithstanding it is not subject to execution, there may be such property right therein as is subject to debt. Equitable assets of all kinds may be reached by appropriate proceedings. Neither can the claims of the family for support be made to cover a fraudulent scheme to place the debtor's property beyond the reach of his creditors.

But we do hold the law does not demand that the husband, stripped of the means to complete the cultivation of his crop, shall abandon it, or require his wife and children to proceed to cultivate and gather it, to be taken for his debts, depriving his family of their rightful support therefrom. 7 C. J. 422.

The evidence warranted a finding by the trial court of this state of facts.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.