163 So. 533

## JOYNER v. McMURPHY.
### 3 Div. 754.

Court of Appeals of Alabama.
Feb. 19, 1935.

Rehearing Denied Oct. 8, 1935.

550

Powell & Hamilton, of Greenville, for appellant.

Rogers & Rogers, of Greenville, for appellee.

SAMFORD, Judge.

The principal insistence of error is the refusal of the trial court to set aside the verdict of the jury and to grant plaintiff a new trial.

The issues in the case were simple and fairly put to the jury. The testimony on these issues was in direct conflict. There is no evidence of prejudice, passion, or other improper influence entering into the trial; nor can it be said that the evidence is overwhelmingly the one way or the other. Where this is the case and the trial judge who heard the case had all the parties before him and observed their demeanor and manner of testifying refuses to grant the motion for a new trial, it is plainly the duty of the appellate court not to interfere in his judgment. There are so many decisions to sustain this view that citation of authority is not necessary.

On objection by defendant certain parts of a letter dated 11/7/3 addressed to plaintiff at Palmetto, Fla., and signed by defendant, were excluded, and this ruling of the court is made the basis of assignment of error No. 3. There is no cited authority to sustain this contention, and, indeed, there could be none, as the parts of the letter objected to were entirely foreign and immaterial to any issue involved in this case.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

On rehearing, counsel for appellant insist that the overwhelming weight of the evidence is to the effect that the item of board in the account was an afterthought and that plaintiff was a guest of appellee at his invitation and that the payment of board was never agreed to or anticipated.

As to this, there is no doubt that on several occasions defendant invited plaintiff to visit them in the home and that in these invitations nothing was said about pay or the length of the visits, but an invitation to visit contemplates a reasonable stay according to the circumstances and surroundings, and according to the testimony for defendant, plaintiff recognized this, and on several occasions she "told us when she came she didn't want to splurge on anybody. She wasn't able to pay any board at this time, but as soon as she got able she would be glad to pay board and help with the expenses and of course I expected her to." The whole of the testimony of defendant and his wife was to the effect that the board was not given to plaintiff and was never intended to be. It may be, if plaintiff had accepted the settlement offered by defendant, no claim would ever have been made for the board. As to this there is no evidence, but the fact that defendant did not include the claim in his account when he was undertaking to make a friendly settlement with plaintiff would not preclude him from a recovery of the amount in this suit.

This whole question was submitted to the jury, and it is for them to say where the truth lies.

The contention is also made that, if the board was due to be paid, it was either due to the wife or to the husband and wife jointly, and in either event the defendant could not recover on his plea of set-off.

The doctrine of community property between husband and wife does not exist in this state, though it obtains in several states of the Union. Even in those states where the doctrine prevails, the husband remains the head of the house, and all actions affecting the community property must be brought in the name of the husband. 31 Corpus Juris 148 (1234)b.

In this state, subject to certain statutory changes, not here involved, the common-law rule obtains. Here, the husband is the head of the household, and as such has certain liabilities, and, except where they have been limited by statute, the husband has all the rights to which he is entitled under the common law. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773; Winkles v. Powell, 173 Ala. 46, 55 So. 536. The husband furnishes the name, the domicile, and, generally, the support and maintenance of the family according to the station in life in which they live, and the statute (Code 1923, § 8267) authorizing the wife to contract does not relieve the husband of this liability. Ponder v. Morris & Brothers, 152 Ala. 531, 44 So. 651. In return for this support, the husband is entitled to the wife's services in all those domestic affairs which pertain to the comfort, care, and well-being of the family. Her labor is her contribution to the family support and care. Cragford Bank v. Cummings, 216 Ala. 377, 113 So. 243. When boarders were taken into the home, in the absence of a special contract to the contrary, the amount due for board was payable to the husband as the head of the household, and the right to sue was in him. The expression by Mrs. McMurphy, in her testimony, that: "What's his is mine and what's mine is his," is the carrying into the marital relation the age-old fiction that husband and wife are one. The idea is beautiful, if somewhat age-worn and obsolete in our modern life, but, even so, it does not make the husband and wife joint owners of personal property in the legal sense requiring both to be joined as parties to a suit where the title is in the one or the other.

We see no reason to change the conclusions already reached, and the application is overruled.

Application overruled.