96 So.2d 691

**LOVEMAN, JOSEPH & LOEB, Inc.**

v.

**Mrs. H. C. ROGERS.**

**6 Div. 442.**

Court of Appeals of Alabama.

Aug. 13, 1957.

Manly & Manly, Birmingham, for appellant.

Geo. S. Brown, Birmingham, for appellee.

HARWOOD, Presiding Judge.

Suit below was on account. The case was heard before the court without a jury, and on an agreed statement of facts. At the conclusion of the proceedings the court entered a judgment for the defendant.

The plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

The stipulated facts material to this appeal were as follows:

"In 1950 a charge account was opened at the plaintiff's place of business by Mrs. Margaret Rogers, who was then the wife of H. C. Rogers. The account was opened in the name of Mr. and Mrs. H. C. Rogers. A credit application was signed by the then Mrs. Rogers upon which the first count of the complaint in the case is based. Since the credit application was not signed by the defendant, the first count of the complaint has been stricken by the plaintiff and the case is a case on open account. Shortly after the account was opened H. C. Rogers and his first wife, Mrs. Margaret Rogers, were divorced. Thereafter in 1951 H. C. Rogers married his second wife who was known as Mrs. Marguerite Rogers. Mr. Rogers informed his wife of the existence of the account with the plaintiff and during their marriage she bought and charged at the plaintiff's place of business various items. During the months of September and October, 1954, while still married to Mr. Rogers, the defendant purchased the articles shown on the attached photostatic copies of charge slips. It is admitted by the plaintiff that all of the items consisted of the purchase of necessaries.

"All of the statements which were rendered on the account were addressed to Mr. and Mrs. H. C. Rogers at 1918 First Avenue, North, Birmingham, Alabama, which is the address of the Alabama Gas Corporation where the defendant was working. The balance of the account is agreed to be $217.44 plus interest from October 25, 1954, all of which is past due and unpaid.

"Mr. H. C. Rogers did not open the account and has not paid nor made any express promise to pay any part of the unpaid balance. All of the purchases involved were made either by the defendant or with her authority during the time that she was married to Mr. Rogers. They were divorced in January, 1955 and she subsequently married her present husband, John W. Gunter.

"There are also attached a statement of the account and specimen forms of statements mailed on the account.

"The defendant has never denied liability of the account until this suit was filed. The charges for the merchandise bought were reasonable."

Section 65, Title 34, Code of Alabama 1940, provides that all property of a wife, whether acquired before, or during marriage, is her separate property and not subject to the liabilities of the husband.

In 26 Am.Jur., Husband and Wife, Section 392, the general rule as to the liability of a married woman for necessaries furnished during coverture is stated as follows:

"It is a universal rule that a married woman is under no contractural liability for necessaries furnished her, her family, or her husband, unless they are furnished her on her own credit and not on that of her husband. * *"

In Tullis v. Nachman & Meertief, 21 Ala.App. 257, 107 So. 224, 225, the court states that:

"The common-law liability of the husband for necessaries furnished to the wife and members of the family is founded upon the assumption that the credit in such case was extended to the husband, and not to the wife, and that the purchases made on credit were so made with the implied assent of the husband. This common-law liability does not exist where the facts show that credit was given to the wife and the goods charged to her, and not to the husband, and that the goods were not sold to the wife upon the implied assent of the husband that they were to be charged to him."

This court then went on to affirm the judgment of the lower court which had found that prior dealings between the parties over years showed that the credit had been extended to the wife alone, and indulging the well known presumption in favor of the ruling of the trial court in cases tried without the intervention of a jury, concluded that the judgment in favor of the plaintiff should not be disturbed.

Because of the effect of an applicable statute, carried in several of our codes, it was the doctrine of our cases for a considerable period that the wife's separate estate was liable for necessaries. See Section 1987, Code of 1852; Section 2371, Code of 1861; Section 2711, Code of 1876. However, such provision was repealed by an act dated 28 February 1887. See Acts of 1886–87, page 82.

The so-called Married Women's Acts do not have the effect of relieving the husband of his common law liability for necessaries furnished the wife. Gafford v. Dunham, 111 Ala. 551, 20 So. 346; Ponder v. Morris & Brother, 152 Ala. 531, 44 So. 651.

From the facts stipulated we think the lower court was amply justified in concluding that the necessaries furnished the appellant during her coverture, were furnished upon the credit of the husband, and further justified in concluding that there was no sufficient evidence tending to show to the degree required that there was an assumption of individual liability on her part to pay for the necessaries furnished.

This being so the judgment of the lower court is due to be affirmed, and it is so ordered.

Affirmed.