226 So.2d 166

**D. C. ANDERSON**

v.

**W. T. GRANT COMPANY.**

**I Div. 353.**

Court of Appeals of Alabama.

Aug. 19, 1969.

Fred F. Smith, Jr., Prichard, for appellant.

Perloff & Reid, Mobile, for appellee.

PRICE, Presiding Judge.

W. T. Grant Company brought suit against D. C. Anderson in the Court of General Sessions of Mobile County, Alabama. The complaint contained one count, which read as follows:

"Plaintiff claims of Defendant $200.30 due by contract made by him on to-wit: 4–9–66. Defendant failed to pay said contract according to its terms. By said contract defendant waived all rights of exemption and agreed to pay a reasonable attorney's fee, which is claimed in the amount of $66.77."

Judgment by default was rendered against Anderson.

The case was brought to the circuit court by statutory certiorari for trial de novo under the provisions of Sections 478 and 484, Title 13, Code 1940.

Upon removal of the cause to the Circuit Court of Mobile County, W. T. Grant Company amended its complaint by adding Count II, claiming $200.30 due by account. The defendant filed motion to strike Count II, on the ground that the plaintiff changed his cause of action from claiming upon a contract to a suit on account and that such change worked a discontinuance of the cause. This motion was denied.

The motion to strike was properly denied. Count II was not departure from the cause of action stated in the original complaint in the Court of General Sessions. See Schuessler & Co. v. Wilson, 56 Ala. 516. Joinder in the same complaint, of separate counts charging breach of contract and the common counts is expressly authorized by

Section 219, Title 7, Code 1940, and is not a misjoinder. Tuskaloosa County v. Logan, 57 Ala. 296; Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 So. 964.

The cause was tried by the court without a jury. Judgment was rendered in favor of plaintiff and against the defendant.

Mr. Johnson, Credit Manager for W. T. Grant Company, testified his books and records show that the original credit application was made in the name of D. C. Anderson, but he had no personal knowledge as to who made the application. Three contracts signed by Hattie Mae Anderson, defendant's wife, used for the purpose of making "add ons" to the original account were introduced in evidence. The account claimed as past due was created by these "add-on" contracts and they were not signed by D. C. Anderson. The only items bought on the account consisted of clothing. Mr. Johnson stated he spoke to defendant about the account on several occasions and went to see him in October of 1966, and that defendant promised to pay the bill by the end of the month. The balance past due on the account is $200.30.

Mr. Johnson testified on cross examination that the three contracts constituting the account were not signed by D. C. Anderson, but were signed by Hattie Mae Anderson, his wife; that the contract reads that the buyer is D. C. Anderson; that defendant, on more than one occasion, promised to pay this debt.

D. C. Anderson testified he had never opened a charge account nor signed a contract with W. T. Grant Company and had never authorized his wife to open an account or sign his name to a contract; that Hattie Mae Anderson is his wife and they have nine children. Plaintiff's credit manager, Mr. Johnson, had been to his house

and talked with him about this account and he had told Mr. Johnson he had not made the debt to W. T. Grant Company and he did not intend to pay it; that he did not make the payments that were made on the account and did not know who paid them; that his wife never told him anything about the account; that he never got any of the clothes from Grants and so far as he knew his children didn't get any of them; that he provides for his family and whenever they need anything he gets it for them.

The general rule is stated in Ponder v. Morris & Brothers, 152 Ala. 531, 44 So. 651, as follows:

"Notwithstanding the wife, under our statute, may contract and be contracted with, and be sued upon such contracts, still this does not take away the common-law liability of the husband for necessary comforts and supplies furnished the wife, suitable to their condition and degree in life."

See also Loveman, Joseph and Loeb, Inc. v. Rogers, 39 Ala.App. 162, 96 So.2d 691. There is no evidence in the record of appellant's financial condition or the reasonable needs of his family.

To paraphrase the language of the court in Ponder v. Morris & Brothers, supra, and in Landgrof v. Tanner, 152 Ala. 511, 44 So. 397, there was evidence tending to support the complaint, and while there is a conflict as to whom the credit was given, whether to the wife or to the husband, and as to whether he assented to the purchase by the wife or subsequently ratified them, we are not prepared to say, under the evidence, that the court erred in rendering judgment for the plaintiff.

The judgment is affirmed.

Affirmed.