# Patterson *v.* Kicker.

*Statutory Detinue for Mule.*

1. *Possession as evidence of title.*—The possession of personal property is *prima facie* evidence of title, or ownership; and this principle applies to personal property belonging to the wife, whether the possession be in her, or in her husband as her trustee, or in both jointly in recognition of her right.

2. *Presumption as to character of wife's estate.*—As a rule of evidence, personal property in the possession of the wife, or in the possession of her husband as trustee for her, or in their joint possession, will be presumed to be held as part of her statutory estate, under the laws which have now been of force for more than thirty years, unless affirmatively shown to be an equitable estate.

3. *Proof of title to personalty by writing.*—Although a recovery of personal property may be had on proof of possession, in the absence of countervailing evidence; yet, if the plaintiff undertakes to prove title by a writen instrument, he must produce it, or satisfactorily account for its non-production; and if the instrument is produced, and has attesting witnesses, its execution can not be proved by a third person.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES E. COBB.

This action was brought by Mrs. Elizabeth Patterson, against J. A. Kicker, to recover a mule named *Gray*, with damages for its detention; and was commenced on March 20th, 1882. On the trial, in consequence of adverse rulings of the court on the evidence, the plaintiff took a nonsuit, with a bill of exceptions, in which the facts are thus stated: "The plaintiff introduced as a witness her husband, J. Patterson, who testified that, at the time of their marriage, which occurred since 1852, plaintiff was possessed in her own right of a mare, which had been given to her by her father; that said mare afterwards had a horse colt, which was raised by witness and his wife, and which, in December, 1881, after it was grown, he exchanged with one J. R. Beard for two mules, one of which is the mule here sued for; that he did not, at the time, disclose to said Beard that the horse belonged to his wife, and no writings were executed between them; that afterwards, when Beard discovered the ownership of the property, he executed the paper marked *Exhibit*

[Patterson v. Kicker.]

*A ;* that he (witness) carried the two mules home, and showed them to his wife (plaintiff), who made no objection to the trade,. and has never repudiated the same; and that said Beard still retains said horse. Plaintiff then offered to show, by parol evidence, that soon after said exchange was made, and after plaintiff had seen said mules, and had consented to the exchange, she executed to said J. R. Beard, jointly with her husband, in the presence of two witnesses, a bill of sale for said horse, and delivered the same to said Beard, and had not seen it since. The court refused to allow plaintiff to make such proof, and plaintiff duly excepted to this action of the court. Plaintiff then offered in evidence said paper writing marked *Exhibit A*, accompanied by proof, by said witness, J. Patterson, that said paper was executed by said J. R. Beard, and that one of the mules mentioned therein was the mule sued for in this action.. Defendant objected to the introduction of said paper as evidence, on the ground that the same purported to be attested by two witnesses, and neither of said attesting witnesses now appeared to prove the execution of said paper. Thereupon, the court refused to allow said paper to be read in evidence; to which action of the court the plaintiff duly excepted." *Exhibit A*, mentioned above, is a bill of sale for two mules, sold by J. R. Beard to Mrs. Elizabeth Patterson ; being without date, and attested by J. R. Burnett and A. P. Johnson as witnesses. These rulings of the court are now assigned as error.

GUNTER & BLAKEY, for appellant.

J. M. FALKNER, *contra.*

SOMERVILLE, J.—The legal principle is one of common learning, that possession of personal property is *prima facie* evidence of title, or ownership.—2 Whart. Ev. § 1331 ; *Sparks v. Rawls*, 17 Ala. 211 ; 1 Brick. Dig. 806, § 37. There is no reason why the title of the wife, to property owned by her, can not be proved in the same manner, as that owned by one *sui juris.* It is well settled, that the possession by the husband, of property belonging to the wife's statutory separate estate, is referable to his representative capacity as trustee. The fact of a joint possession, therefore, can not complicate the principle in the simplicity of its application.—*Brunson and Wife v. Brooks*, 68 Ala. 248 ; *Gwynn v. Hamilton*, 29 Ala. 233.

It was no doubt competent for the plaintiff to prove, by oral evidence, her ownership of the mule for the recovery of which the present action was brought. The possession of the property by herself, or by her husband in recognition of her title, or by both jointly claiming it as her property, would be presumptive

evidence of such ownership. "All property of the wife," the statute provides, "held by her *previous* to the marriage, or which she may become entitled to *after* the marriage, *in any manner*, is the separate estate of the wife."—Code, 1876, § 2705; Const., 1875, Art. x, § 6. All property held under the provisions of this statute, is the statutory separate estate of the wife; and to take a given case out of its influence, words are required clearly indicating an intent to exclude the marital rights of the husband.—*Short v. Battle*, 52 Ala. 456; *Smith v. McGuire*, 67 Ala. 34. In view of the fact that the present system, creating separate estates in married women, has now been in force in this State for over a third of a century, it is safe to assert that all property owned by married women may be presumptively considered as held by them under the statute of the State, until the contrary is shown. The statute is broad and comprehensive, and may be taken as the general rule of property tenure. The *exception* to the rule is found in the other class of separate estates called equitable, and which are created by contract. This, it is needless to say, is a rule of evidence, and not of pleading.

Under the influence of these principles, it was competent for the plaintiff, as above stated, to prove her possession of the property in question, as *prima facie* evidence of her title; and such title would presumptively be the ownership of a statutory separate estate, liable, of course, to be rebutted by countervailing evidence. But, if the plaintiff insisted on going further, by proving title by written conveyance, such writing should have been proved according to the established principles of evidence, which required its production, or else the proof of its loss or destruction, in order to let in secondary evidence of its contents. The familiar case cited in all the books is the fact of tenancy, which may be proved orally by the payment of rent, although there be a written contract between the landlord and tenant; yet the contract itself must be produced, if it is sought to prove the tenancy through medium of it, or to establish the terms of the instrument.—1 Greenl. Ev. § 87; 1 Whart. Ev. §§ 77–78; Powell's Ev. (4th ed). 63; Roscoe's Cr. Ev. (7th ed.) pp. 6–7, *notes* (1) and (2).

There is no error in the rulings of the court on the evidence, and the judgment is affirmed.