# Moses Brothers *v.* Micou.

*Bill in Equity by Creditors, to compel Execution of Trust in favor of Married Woman.*

1. *Trust for married woman and children; what estate she takes, and when equity will not, at instance of creditors, enforce execution of trust, in her favor.*—When infant children, having obtained decrees against their guardian and his sureties on settlement of his accounts, transfer and assign such decrees to a trustee, upon trust so to proceed, in the enforcement of the decrees by execution, as to secure to them certain designated property free of expense, "and upon the further trust to purchase the remainder of the property sold under said execution, and to settle that part thereof held and owned by said M. [the guardian], and sold as his property, on his wife and children, *in such proportions as said trustee may in his discretion consider fitting;*" the wife of said M. does not take, under the deed of assignment, such an estate or interest in the property purchased and held by the trustee, as can be subjected in equity to the payment of debts contracted by her; nor will a court of equity, at the instance of her creditors, compel the trustee to execute a settlement in her favor.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 1st September, 1882, by Moses Brothers as partners, claiming to be creditors of Mrs. Mary J. Micou, the wife of Benjamin H. Micou, against her and her husband, their infant son, B. H. Micou jr., Henry C. Semple, and others; and sought to subject to the satisfaction of the complainants' debts against Mrs. Micou her interest in the crops raised on certain lands called the Prairie and the Wallahatchie plantations, and also in the lands themselves, the legal title of which was vested in said Semple as trustee; and, if necessary, to compel said Semple to execute a settlement of the trust in favor of Mrs. Micou, so that her interest in the property might be reached and subjected to the payment of said indebtedness. Said lands were sold under executions against said Benjamin H. Micou, issued on decrees rendered against him by the Probate Court of Tallapoosa county, on final settlement of his accounts as guardian of Clara E. and Lucy Micou, his children by a former wife; and other lands and property were sold at the same time under said decrees and executions, which belonged to Thomas M. and Nicholas D. Barnett, who were the sureties of said Micou on his official bond as such guardian. Semple became the purchaser of all the property at the sale, and held the same pursuant to the

terms of a deed of assignment executed to him by the plaintiffs in the decrees, a copy of which was made an exhibit to the bill, and which was in these words :

"This indenture, made by and between Clara E. Boykin and Francis S. Boykin, husband of the said Clara, Lucy Micou and Henry C. Semple, witnesseth, that the said Clara and Francis Boykin and Lucy Micou, in consideration of one dollar paid to them by said Henry C. Semple, and of other good and sufficient considerations, have respectively assigned, sold, transferred and set over to the said Henry C. Semple the two judgments or decrees of the Probate Court of Tallapoosa county, in their favor respectively, against Benjamin H. Micou, and Thos. M. and Nich. D. Barnett as sureties of said Micou, with the executions issued thereon, with the right to control, manage, collect and receive the amount of said decrees and executions; but upon trust nevertheless—1st. So to proceed upon the same as to secure to the said Clara E. and Lucy, clear of all expense to them, the title to the property in the city of Montgomery," describing certain houses and lots belonging to said Micou ; also, a plantation in Macon county, with the stock on it, and a one-third interest in a place in Elmore county, also belonging to said Micou. "2. Upon the further trust, to purchase and convey to the said Clara E. and Lucy, each, one-sixth of all the stock owned by the defendants, which can be sold under execution on said decrees.   3. Upon the further trust, to purchase so much of the remainder of the property held and owned by said defendants respectively as can be sold under said executions and purchased therewith ; and to settle that part of it owned by said Benjamin H. Micou, and sold as his property, on the wife and children of the said Micou by his present wife, in such proportions as the said trustee may consider fitting ; and to settle that part of it so purchased, which is sold as the property of said Thos. M. Barnett, on the wife and children of the said Thos. M. Barnett, in such proportions as the said trustee may think fit ; also, to settle such part as shall be sold as the property of the said Nich. D. Barnett, on the wife and children of the said Nich. D., in such proportions as the said trustee may in his discretion think fit.   But the whole of the property so settled on the family of the said Thos. M. Barnett shall be charged with the sum of eight thousand five hundred dollars, to be paid to the said Clara E. and Lucy ; and the whole of the property so settled on the family of the said N. D. Barnett shall be charged with a like sum, to be paid to the said Lucy and Mary E., with interest to be paid annually, until said sums are paid ; the principal not to be required to be paid until January 1st, 1876, provided the interest thereon is punctually paid at the end of each year from the date of the sales.   It is

[Moses Brothers v. Micou.]

understood, however, that all the expenses and costs of obtaining and executing said decrees are to be paid by said trustee out of the proceeds thereof, and that the property and money herein provided to be settled on the said Clara E. and Lucy is to be received by them clear of all expense. In witness whereof," &c. (Signed by said grantors, dated April 4th, 1874, and attested by two witnesses.)

A demurrer to the bill for want of equity, on several grounds specifically assigned, was interposed by the defendants, and was overruled by the chancellor; but, on final hearing, on pleadings and proof, he dismissed the complainants' bill, holding that the evidence did not show any debt contracted with them by Mrs. Micou, for which her interest in the rents or lands was liable in equity, beyond the amount of a debt secured by mortgage, which had been paid.

The decree dismissing the bill is now assigned as error.

TROY, TOMPKINS & LONDON, for appellants.

GUNTER & BLAKEY, contra.

CLOPTON, J.—In April, 1874, Francis S. Boykin and his wife, Clara E. Boykin, and Lucy B. Micou transferred and assigned to Henry C. Semple two decrees, which had been rendered in their favor by the Probate Court, and the executions issued thereon, against Benjamin H. Micou, and the sureties on his bond as guardian, upon trust so to proceed on the same as to secure to the plaintiffs in execution specified property, free of expense; and "upon the further trust to purchase so much of the remainder of the property held and owned by the said defendants, as can be sold under said executions, and purchased therewith; and to settle that part of it owned by Benjamin H. Micou, and sold as his property, on the wife and children of said Micou by his present wife, in such proportions as said trustee may in his discretion consider fitting." Under the power conferred, Semple purchased the real and personal property mentioned in the bill, but has never settled the same permanently, though arrangements have been made from year to year, whereby the wife and child, there being only one, should receive the benefit of the rents, income, and profits. The complainants allege, that in 1880 they made large advances to Mrs. Micou, to enable her to cultivate the plantation, and for the support of her family; a part of which indebtedness was paid, but a large balance remains unpaid. The purpose of the bill is to subject the estate of Mrs. Micou in the property to the payment of the indebtedness, and, if necessary, to compel the trustee to execute the power conferred on him, to the extent

[Moses Brothers v. Micou.]

of determining the proportion of Mrs. Micou in the trust estate. The material question is, did Mrs. Micou have an estate in the property which she had the capacity to charge ?

When the objects of a trust do not take immediately under it, but some further act, such as a conveyance or settlement to be made by a third person, according to the general directions of the grantor, is required to vest the estate, or to consummate the purposes, it is said to be executory. The trustee was authorized to purchase the property, and to settle it on the objects, fixing their respective proportions. The trust is executory. The instructions as to the settlement of the property are general, and the form and terms are to be determined by the intention of the donors, which must be ascertained by the surrounding facts and circumstances.—1 Perry on Trusts, § 359. Though the instrument, creating the trust, does not direct in what mode, or upon what limitations, the property shall be settled on Mrs. Micou ; her husband being at the time insolvent, or greatly embarrassed financially, the intention may be fairly inferred, that the property should be settled in such manner as to protect it from being subjected to his debts. Provision for the wife is one of the purposes of the trust; and any conveyance or settlement, which does not secure the property from the reach of the husband's creditors, would subject it to diversion from the use and benefit of the object of the trust, and defeat its purposes. Without a statute creating separate estates, this could only be accomplished by a conveyance or deed of settlement, containing apt and appropriate words to exclude the marital rights of the husband. But, at the time the original gift was made, there were, and had been for more than thirty years previously, statutes of force, declaring that the property held by the wife at the time of marriage, or which she might thereafter be entitled to, is her separate estate, and is not subject to the payment of the debts of the husband. While, by the earlier decisions of this court, there existed two classes of separate estates—equitable and statutory—differing in nature and quality, the line of separation between the two classes was obliterated by a series of decisions, announcing a different and antagonistic rule, commencing in 1869; which latter construction of the statute continued until 1875, when those decisions were overruled, and the distinction re-established in *Short v. Battle*, 52 Ala. 456. At the time the instrument creating the trust was made, the prevailing judicial interpretation of the statute was, that they abrogated all laws governing equitable separate estates, and substituted the statutory estate, except when a trustee was interposed to receive the rents, income, and profits. The accepted judicial exposition of the statutes, that the estate is statutory, whether or not the conveyance under

which the wife held contained words of exclusion, may reasonably account for the absence of any direction as to the character of the estate to be vested in Mrs. Micou, the estate being considered statutory under any form of conveyance. We can not, therefore, infer an intention of the donors, that an equitable, as distinguished from a statutory separate estate, should, by the settlement, be vested in Mrs. Micou.—*Lee v. Lee*, 77 Ala. 412. Neither does the use of the term "to settle" necessarily import such intention. The power to settle property is power to arrange the mode and extent of enjoyment. Under the circumstances, especially since the distinction between the two classes has been re-established, the trustee will effectuate the intention of the donors, and accomplish the primary purposes of the trust, by a settlement which creates in Mrs. Micou either an equitable or a statutory separate estate.

Where the instrument, creating a trust, gives property to a class of objects, with power in the settler to subsequently determine the shares, until the power is exercised, or in default of appointment, the property vests in all the members of the class.—2 Smith's Lead. Cas. 1852. Were it conceded, that the assignment to Semple vested an estate in the subsequently acquired property in Mrs. Micou and her children, the character and quality of such estate would be determined by the expressed terms of the original gift, until changed or divested by the exercise of the power of the trustee to settle in such proportions as he might consider proper. The uniform ruling has been, that a gift of property to a married woman, without words which would have created a separate estate before the statute, is a statutory separate estate. The assignment contains no words expressing a clear intention to exclude the marital rights of the husband. A declaration of settlement in the terms of the instrument, fixing the proportion, and with apt words to pass the legal title, would vest in Mrs. Micou a statutory separate estate.—*Patterson v. Kicker*, 72 Ala. 406. If, then, she takes directly under the instrument, the estate thus taken would be of a character and incidents which she is incapacitated to charge for the debts of herself or of her husband, except for articles of comfort and support of the household, and for tuition for her children. In such case, the equitable estate is governed by rules applicable to legal estates.—1 Perry on Trusts, § 359. But, at the time of making the original gift, the property had not been acquired. The assignment to Semple is not a conveyance of the property subsequently purchased, but the transfer and control of the decrees and executions upon trust to purchase property by their use, which property, when purchased, he was empowered, and it became his duty to settle, under proper circumstances, as provided and required by the

[Gilmer v. Mobile & Montgomery Railway Co.]

assignment. Mrs. Micou and her children acquired, in or by means of the original gift, the right and equity to have the subsequently purchased property settled in execution of the trust ; but no estate therein vests, until the power is exercised, and the property settled, ascertaining the proportions. It follows, that under either construction of the original gift, Mrs. Micou did not hold or own, in 1880, an estate which can be subjected to the payment of the debt of complainants.

If, in any case of executory trust, a court of equity will compel a trustee to exercise his power of appointment, at the instance of a creditor of one of the beneficiaries, which we do not decide, the court should not enforce its exercise, when thereby the trustee can defeat and make unavailable any decree that may be rendered in favor of the creditor. If the trustee deemed an equitable estate most proper, he may accompany it with the usual powers which a court of equity would sanction or insert for the protection of the married woman, if decreeing or authorizing an execution of the trust. He may incumber it by a prohibition or limitation of the power to charge, or alienate, or to anticipate the income.—*Temple v. Hawley*, 1 Sand. Ch. 153. Or he may allot to Mrs. Micou only a nominal proportion. With the exercise of his discretion in determining the proportions, the court will not and can not interfere, in the absence of collusion or fraud. "When the terms of the power import that the estate or fund is to be distributed between the persons so designated, in such manner or proportions as the trustee of the power may think proper, the distribution or apportionment made by such trustee can not be impeached, on the ground that it is unsubstantial, illusory, or nominal." Code, § 2213.

It results, that the bill is without equity. This conclusion renders unnecessary a review of the chancellor's finding of the facts.

Affirmed.