# Larkin v. Baty.

*Trial of the Right of Property.*

1. *General objection to evidence.*—Where general objections to evidence are interposed, without specifying the particulars in which it is objectionable, the court commits no error in overruling them, and the exceptions to such rulings will not be considered on appeal, unless the evidence is patently illegal or irrelevant.

2. *Evidence; declarations explanatory of possession admissible.*—Declarations of a party in possession of property, explanatory of such possession, are admissible in evidence as a part of the *res gestae.*

3. *Title; possession referred to title; husband and wife.*—Where two persons are justly in possession of property, the legal title being in only one of them, the law refers the possession to the title; and where a husband and wife, living together, have a community of possession of property, the legal title of which is in the wife, the possession of such property will be referred to the wife.

4. *Same; explanatory declarations admissible in rebuttal.*—Where in a trial of the right of property the issue is as to whether certain property, in their joint possession, belongs to the husband or wife, and testimony that the husband listed the property for taxation as

[Larkin v. Baty.]

his own has been admitted without objection, declarations made by the husband to the tax assessor, at the time of listing, that said property was not his but it belonged to his wife, and that it was so listed on the representation of the assessor that it would make no difference, are admissible in rebuttal.

5. *Husband and wife; valid contract passing title to property sold; evidence sufficient to sustain verdict.*—Where a husband makes a contract with his wife by which he sells certain property to her, in consideration of her assuming to pay a certain debt he owed, amounting to at least the value of the property, and the creditor accepts her as his debtor to the extent of said debt, which she pays, such transaction passes the title to the property so sold to the wife; and in a subsequent trial of the right to the property so sold, between the wife and an execution creditor of the husband, where such facts are disclosed by the evidence, a verdict in favor of the wife who claimed the property under the purchase is properly sustained on motion for a new trial.

6. *Claim suit; disqualification of juror; motion for a new trial.*—The fact that a juror in a trial of the right of property is the brother of a surety on the claim bond, does not, as matter of law, disqualify him from serving on the jury; and when said juror is not shown to have had any actual bias in favor of the claimant, and he testifies, on motion for a new trial, that this brother's suretyship did not influence his finding for the claimant, such relationship does not authorize the granting of a new trial to the plaintiff.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. JAMES A. BILBRO.

The appellant, W. R. Larkin, recovered a judgment against W. E Baty on a promissory note. Execution was issued on this judment, and levied upon two cows. The appellee, L. E. Baty, wife of the defendant in execution, interposed her claim to the cows levied upon, and thereupon, instituted a trial of the right of property to said cows. The facts disclosed upon the trial of such claim suit are sufficientlly stated in the opinion.

After verdict and judgment for the plaintiff, there was, as stated in the opinion, a motion for a new trial. One of the grounds of this motion, in addition to those stated in the opinion, was, that one of the jurors who tried the claim suit was a brother to the surety on the claim bond of the claimant. The motion for a new trial was overruled, and the plaintiff duly excepted. The present appeal is prosecuted by the plaintiff, who assigns as error the several rulings of the trial court upon

[Larkin v. Baty.]

the evidence, the rendition of judgment rendered for the claimant, and the overruling of the motion for a new trial.

J. E. BROWN and W. L. MARTIN, for appellant.

No counsel marked as appearing for appellee.

HEAD, J.—This was a statutory trial of the right of property, on a claim interposed by the appellee to the property levied on under an execution on a judgment rendered against the husband of the claimant. Of the two cows levied on as the property of the defendant in execution, one of them was acquired by purchase, by him, of the plaintiff, in 1889; and the other was the offspring of this one, calved after January 20th, 1890,—the date of the inception of claimant's alleged title. The question at issue and to which all the evidence seems to relate, was whether or not this mother cow had been sold by the husband, W. E. Baty, to his wife, the appellee, on or about January 20th, 1890, so as to effect a change of ownership from him to her. Upon this question, the evidence was conflicting. The jury decided the issue in favor of the claimant, and the court below declined, on motion of the plaintiff, to set the verdict aside.

The evidence for the claimant tended to show that about January 20th, 1890, it was agreed between the claimant and her husband, that in consideration of the sale of the cow to her, she would assume the payment of his indebtedness to the family physician, amounting to more than the value of the cow; that this creditor agreed to look to her for payment of his demand and to let her pay it in work for his wife and family; and that from that time she had continually claimed the cow as hers, and the husband had not claimed to own it. She afterwards paid the bill in full. The cow and its offspring were kept and used at the family residence in Larkinsville.

The plaintiff's evidence tended to show that the defendant in execution still claimed to own the cow after the date of the alleged sale to the wife. The plaintiff obtained judgment against the defendant in February, 1893, on a demand which is described in the complaint

20

as a bond executed by the defendant January 2d, 1891, and the levy was made in March, 1893.

The assignments of error relate to the several rulings of the court in admitting certain evidence against the objection of the plaintiff, and to the ruling of the court in refusing to set aside the verdict and grant a new trial, to which exceptions were reserved.

1. One of the witnesses for the claimant testified that she "had a conversation with Mrs. Baty about them (the cows) in 1891 in which she said the cows belonged to her. This declaration was made to me at her house, *and one time in the cotton field before this suit was commenced*." The plaintiff objected to the evidence of the conversation in the cotton field and moved to exclude it, without specifying any grounds of objection or grounds for the motion to exclude. Hence, unless the evidence is patently illegal or irrelevant, the exception should not be considered. Rule of Practice, 90 Ala. p. IX; *Bates v. Morris*, 101 Ala. 282. Manifestly, this evidence was offered as explanatory of claimant's possession of the property in controversy, and that it was competent for such purpose is well established.—*McBride v. Thompson*, 8 Ala. 650–653; 1 Brick. Dig. 558; 3 Brick. Dig. 419, § 189. "The husband and wife lived together, and, of necessity, had a community of possession. * * * Under such circumstances the law refers the possession to the title, because the possession is where it ought to be, if it be under the title." *Cole v. Varner*, 31 Ala. 244, 251; *Hawkins v. Rose*, 100 Ala. 459; *Scruggs v. Decatur M. & L. Co.*, 86 Ala. 173, 178.

Counsel did not object to the evidence of claimant's declaration made at her home, but only to that made in the cotton field. The place where the declaration was made would make no difference, under the circumstances of this case. The evidence was admissible as part of the *res gestæ*, which *res gestæ* was the continuous possession of the person making the declaration.— *McBride v. Thompson, supra*.

2. The evidence offered by the plaintiff to show that the defendant in execution listed the property for taxation as his own in the year 1892, was not objected to by the claimant. As to its admissibility against her, see *Daffron v. Crump*, 69 Ala. 79; *Wright v. Merriwether*, 51

Ala. 183–185. Having been admitted, however, it was
proper to admit the rebutting evidence, offered by the
claimant, of declarations made by the defendant to the
tax assessor at the time he listed the property, to the
effect that he at first refused to give this property in to
the assessor on the ground that it was not his, but his
wife's, and only consented to do so, on the representation
of the assessor that it would be all right any way, as
the property was exempt from taxation. The objections
to this evidence were also general and governed by the
Rule of Practice already cited.

3. The assignment of error based on the refusal to set
aside the verdict and to grant a new trial, can not be
sustained. The claimant was authorized by law to pur-
chase and pay for the cow. Indeed, there seems to be
no contention that the sale, if made according to the evi-
dence for the claimant, would have been invalid by rea-
son of the incompetency of the husband' and wife to en-
ter into such a contract.

Assuming the truth of the evidence for the claimant,
the consideration for the sale was a valuable one, and
the debt which she was to pay, and did pay, amounted
to at least the value of the cow. The evidence to prove
the fact of sale and good faith of the transaction, if be-
lieved by the jury, was competent to support the ver-
dict.

One of the grounds of the motion for a new trial was
that the verdict was contrary to the charge of the court
to the jury, but the charge is not set out in the re-
cord.

One of the jurors was a brother to a surety on the
claim bond. The surety was not a party of record, and
hence the relationship did not disqualify him as matter
of law from serving on the jury, but might have afforded
ground for a challenge for favor.—Acts 1888–89, p. 77,
§ 2 ; 1 Thompson on Trials, §§ 52 to 68, inclusive ;
*Calhoun v. Hannan et al.*, 87 Ala. 277. The interest of
the surety in the suit was conditional and contingent.—
Code, §§ 3008–9. The fact of the relationship, if known
to the plaintiff, or his counsel, when the jury was
selected, might have afforded ground for excusing him ;
but the record is silent as to whether or not they had
such knowledge, when they accepted him as a juror. He
is not shown to have had any actual bias in favor of

claimant. Indeed, on examination by the plaintiff as a witness on the motion for new trial, he testified, in effect, that he did not know, prior to the verdict, that his brother was a surety on the claim bond, or that if he had known it, he had forgotten it, and that the fact of his suretyship did not influence his finding.

The judgment of the circuit court is affirmed.