# Anglin *v.* Thomas.

## *Trial of the Right of Property.*

1. *Title; husband and wife.*—When there is a controversy as to whether property belongs to the husband or to the wife, the possession of the husband is not adverse to the wife, and such possession is not evidence of the husband's title.

2. *Same; same; repetition of charges.*—A charge setting forth above principle, is not a mere repitition of a charge that "the possession of the husband is the possession of the wife when the title to the property is shown to be in the wife," as said last quoted charge ignores the consideration that the husband's possession is not evidence against the wife's title.

APPEAL from Jackson Circuit Court.
Tried before the HON. J. A. BILBRO.

This was a claim suit between Mary Anglin, claimant, and Leonard Thomas, plaintiff. Attachment had been issued, on bond and affidavit by Thomas, and levied upon

1904.] OF ALABAMA. 265

[Anglin v. Thomas.]

certain property, which Thomas alleged belonged to Z.
T. Anglin for $40.59 and costs, and on the trial of Mary
Anglin's claim in the Justice Court, neither the defend-
ant nor the claimant appearing, there was judgment for
the plaintiff. The case was carried to the circuit court
on a writ of *certiorari*. There was conflict in the evi-
dence as to the ownership of the property levied upon,
which was in possession of the husband and wife, living
together as such. The jury found for the plaintiff, and
that the property was that of the husband, the defendant,
and liable to plaintiff's attachment.

On the trial of the cause, claimant requested the fol-
lowing charge: "When there is a controversy as to
whether property belongs to the husband or wife, the pos-
session of the husband is not adverse to the wife and such
possession is not evidence of the husband's title." The
court refused to give said charge, which refusal the ap-
pellant assigns as error.

J. E. BROWN, for appellant.—There can be no title by
adverse possession, between the husband and wife, while
residing together, in that relation.—*Larkin v. Baty,* 111
Ala. 303; *Stiff v. Cobb,* 126 Ala. 381; *Allen v. Hamilton,*
109 Ala. 634; *Bragg v. Massey,* 38 Ala. 89; *Newbrick v.
Dugan,* 61 Ala. 251; *Gifford v. Strauss,* 89 Ala. 283.

VIRGIL BOULDIN, *contra.*—Possession is an act of own-
ership, and when coupled with evidence tending to show
the husband acquired the property in his own right, in
the first instance, possession may be looked to, in connec-
tion with evidence, on question of title. Jury was author-
ized to consider defendant's possession and the charac-
ter of his dominion over the property, when the wife seeks
to hold it against a creditor of the husband.—*Arnold v.
Cofer,* 135 Ala. 364.

ANDERSON, J.—This was a claim suit between Mary
Anglin, claimant and Leonard Thomas, plaintiff, grow-
ing out of the interposition of a claim to property levied
on as the property of her husband, the defendant. There

[Anglin v. Thomas.]

was conflict in the evidence as to the ownership of the property levied upon, which was in possession of the husband and wife living together as such. The jury found for the plaintiff, and that the property was that of the husband, the defendant, and liable to plaintiff's attachment.

There are several assignments of error, but all seem to have been abandoned in the brief of claimant's counsel, save the refusal of the court to give the following charge: "When there is a controversy as to whether property belongs to the husband or wife, the possession of the husband is not adverse to the wife and such possession is not evidence of the husband's title."

When two persons are jointly in possession of property, the legal title being in only one of them, the law relates the possession to the title, and when a husband and wife living together have a community of possession of property, the legal title to which is in the wife, possession of such property will be referred to the title.—*Larkin v. Baty,* 111 Ala. 303.

We cannot, therefore, see, when there is a community of possession, as in this case, that the possession of the husband would be adverse to the wife's title or evidence against the same, and for that reason said charge should have been given.

Charges given at the request of claimant, doubtless put in the bill of exceptions to show us that the refused charge had been substantially given are considered. We are not unmindful of the rule that it should not work a reversal of the case when refused charges are but well repetitions of those given, even if not in the same language.—*Smith v. State,* 92 Ala. 30.

Charge 1, which is as follows, "The possession of the husband is the possession of the wife when the title to the property is shown to be in the wife," is the only one that bears any similarity to the one in question and we do not see how it covers the salient features of the refused charge. This given charge ignores the considera-

[Edwards *et al.* v. Edwards.]

tion of the husband's possession as not being evidence against the wife's title.

Reversed and remanded.

MCCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.