175 So. 367

### VAUGHAN v. BORLAND.

### 4 Div. 947.

Supreme Court of Alabama.
June 24, 1937.

Mulkey & Mulkey, of Geneva, for appellant.

E. C. Boswell, of Geneva, for appellee.

FOSTER, Justice.

In the absence of evidence to the contrary, possession of property raises a rebuttable presumption of ownership, but we do not suppose there is any question but that the presumption obtains when property is jointly possessed by persons other than members of the same family.

At common law, the personalty of the wife became vested in the husband. Under section 6, article 10, Constitution of 1875, she was given a right to certain separate property, which by the Act of February 28, 1887 (section 2341, Code of 1886), was not subject to his debts, and her title to property and right to contract were thereby further enlarged.

Later such rights were again enlarged as appears in the Code of 1907, § 4486 et seq., in the Code of 1923 in § 8261 et seq., so that she is now without any disability in respect to her contracts, except she can-

not become her husband's surety, and she can contract and bind herself and her property without his consent and concurrence, except as to the alienation of her lands (and there is a somewhat similar disability applicable to the husband in respect to his realty), and she is solely liable for her personal torts. All her personalty is her own, absolutely free from any right of the husband in it, its management or use, or the right to dispose of it. In this respect she is on an equal footing with the husband.

All her earnings are her own; but with no compensation for services rendered the husband or family. Section 8262, Code. This exception is probably to offset the duty of the husband to support the family and to provide for their necessities.

■ The evidence in this case is consistent with the theory that both husband and wife had money. It was the primary duty of the husband to spend his money for family expenses. The money, as found, was arranged very much as a woman, rather than a man, would have done. These circumstances are cited not as being sufficient to support an inference that it was hers solely, but to show that there is nothing to support an inference that it belonged to the husband solely. Consistent with all the evidence, it might have belonged to one as well as to the other, or to both jointly. So that the inquiry seems to be controlled by the effect of this joint possession. Their possession was joint. Cole v. Varner, 31 Ala. 244, 251.

■ When there is a joint possession by husband and wife, the law refers the legal possession to the one who has the title, if that can be ascertained. Cole v. Varner, supra; Anglin v. Thomas, 142 Ala. 264, 37 So. 784; Larkin v. Baty, 111 Ala. 303, 18 So. 666; Wortham v. Gurley, 75 Ala. 356; Patterson v. Kicker, 72 Ala. 406.

But we have no case, which I have found, which holds that in a controversy between husband and wife, there ever was said to exist a presumption of law in Alabama that the property was that of the husband, putting the burden on the wife to prove title in her in whole or in part, rather than in him. There is not much help to be had from the decisions of other states as shown in the text and notes to 30 Corpus Juris 578, § 109, page 835, § 495; 1 Schouler on Marriage and Divorce § 344.

■ Without now denying a rule which would allow an administrative presumption in favor of a creditor of the husband levying on property as his, which is in the joint possession of husband and wife, nor likewise a rule which would allow such an administrative presumption in favor of a creditor of the wife levying on property as hers, which is in their joint possession, since they would ordinarily be peculiarly possessed of knowledge of such ownership rather than the creditor, we think that considering the present status of a married woman's property rights there is a presumption of their joint ownership of personal property jointly possessed by them when the question of ownership arises in a controversy between them or their personal representatives, respectively, and the evidence does not show whether one or both own it. We see no reason to penalize the wife in respect to presumptions when she is not penalized with respect to the incidents of ownership and possession in any other respect. As to their personalty, the rights of ownership, enjoyment, and disposition by husband and wife, respectively, are the same as between strangers in social relation. They are necessarily in the joint possession of much personal property. That possession as between them should not reflect upon her right to sustain a claim of ownership. We think their joint possession of such property raises a presumption of joint ownership, which gives way to direct or circumstantial evidence to the contrary, sufficient to lead to a different conclusion.

The effect in this case of that holding is that the money in question should be equally divided between the two estates, after the amount of all lawful charges are deducted and paid. And when these administrators come on to settle their estates, respectively, and it becomes necessary to ascertain the distributees of each, there will be no presumption that either died first, so that neither can share in the estate of the other as such distributee, unless they shall obtain some evidence not now appearing in this record from which a reasonable inference (not a mere conjecture) may be drawn that one or the other in fact died first.

That there is no presumption as to survivorship as between husband and wife the members of the court are in agreement, since such presumption was a rule of civil law, and did not prevail at common law,

nor has it been recognized in this country. 8 R.C.L. 716, 717; 17 Corpus Juris 1179, § 32; Young Women's Christian Home v. French, 187 U.S. 401, 23 S.Ct. 184, 47 L. Ed. 233.

The decree is reversed and the cause is remanded to the court below to be proceeded with in accordance with these views.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, BOULDIN, and BROWN, JJ., concur.

GARDNER and KNIGHT, JJ., dissent.

GARDNER, Justice (dissenting).

The rule seems to be uniformly established (cases noted in 22 Corpus Juris 127 and 30 Corpus Juris 835) that where property is in the joint possession of husband and wife, with no evidence from which a reasonable inference may be drawn that it belongs either to the one or the other, the presumption is in favor of the ownership in the husband. No authority to the contrary is called to our attention. The chancellor followed this rule, and being one so uniformly recognized, it should not now be lightly ignored.

This cause was originally assigned to the writer, and the opinion prepared met with disapproval by the majority. But the case is one of interest and the question of importance, and I have thought it proper to set out the opinion originally prepared as expressive of my dissenting views, in which Justice KNIGHT concurs. It is as follows:

At an unknown hour of the night of September 4, 1935, William Grantham and his wife Lettie Jane Grantham (a couple approaching 60 years of age, and without children) were brutally murdered by a party or parties unknown, and their bodies found the next morning in their home, which was near the store and filling station operated by the husband in a small country community in Geneva county. The body of each was lying in its own blood, that of the wife on the bed, and that of the husband some few feet away near the door. The wife had retired for the night. Her head was at the foot of the bed and her feet at its head. The husband had on a shirt and trousers, and the bed did not indicate that two people had lain thereon. It is conjectural the husband had gone to the door to answer the call of some one whose voice he doubtless recog-

nized, as the proof discloses he would only unlock the door after nightfall to a known caller. And this surmise is rested only upon the above noted circumstance. Each received fatal blows on the head with some blunt instrument.

The officers, in searching the room on the morning of September 5th, discovered behind the head of the bed a syrup bucket with the lid on hanging by a nail driven in the wall. In this bucket was a tobacco sack, and in this sack was an oilcloth inclosing $1300, in what appeared to be new bills all carefully placed and wrapped in white paper.

The ownership of this money is the question involved in this litigation. The evidence was orally had before the chancellor, and his holding was that the fund belonged to the husband.

It is well recognized that possession of property, in the absence of evidence to the contrary, raises a rebuttable presumption of ownership. 22 Corpus Juris 126; Sewell v. Sewell, 199 Ala. 242, 74 So. 343.

Here the possession was jointly that of the husband and wife, that is, the money was in the room of the house jointly occupied by them, and with no identifying marks of any character.

The husband is the head of the family (Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773; Cragford Bank v. Cummings, 216 Ala. 377, 113 So. 243; Ponder v. Morris & Bros., 152 Ala. 531, 44 So. 651; Joyner v. McMurphy, 26 Ala.App. 549, 163 So. 533), and attended to the business transactions. The chancellor found from the proof that he was shown to have had money in his possession and control, sufficient in amount to have accounted for this sum.

We may add that the proof on the part of the wife is to like effect, if duly accredited. This was matter for determination of the trial court on the oral proof. The chancellor evidently based his conclusion upon the principle that where the joint possession is that of husband and wife, the presumption is in favor of the ownership by the husband. 22 Corpus Juris 127; 30 Corpus Juris 835; 1 Schouler on Marriage and Divorce § 344.

The cases of Anglin v. Thomas, 142 Ala. 264, 37 So. 784; Patterson v. Kicker, 72 Ala. 406, and Wortham v. Gurley, 75 Ala. 356, dealt with the question of adverse pos-

session by the husband of the wife's property, and are not in point.

But the administrator of the wife insists that sufficient proof is offered to show ownership in her. Some of the proof offered was of doubtful probative value. But viewed in any aspect we conclude, upon consideration of the evidence in consultation, that at best the proof rises no higher than a mere conjecture, and is insufficient upon which to base a judgment of a court. We will not here review it. But conceding that both husband and wife each were shown to have owned money sufficient to cover this amount, yet they each were economical and saving in their disposition, and the chancellor was justified in declining to give so great a probative force to the circumstance that the wife was lying on the bed with her face toward its head and in the direction of the hanging bucket, or that the money was so carefully wrapped and put away. All of this proof may create a surmise, a guess or conjecture, but nothing more. It does not suffice to overcome the presumption of ownership above referred to; and our conclusion is that the finding of the chancellor that the money was that of the husband should not be here disturbed.

It is further urged by the administrator for the wife that she survived the husband, and that as administrator of her estate, he is due to have paid over to him so much of the money, or a portion thereof, as a matter of statutory descent. In the absence of statute the rule of the common law here prevails. Upon the question of survivorship, the common-law doctrine is that where two or more persons perish in the same disaster, and there is no fact or circumstance to prove which survived, there is no presumption whatever on the subject. "None arises from consideration of age or sex, and the law will no more presume that all died at the same instant than it will presume that one survived the other. It treats the case as one to be established by evidence, and lays the burden of proof on him who claims ownership, and if there is no proof, as an unascertainable fact, which, not being established by him who has the onus, results in his failure to meet a condition precedent to his success." R.C.L. 716, 717; Young Women's Christian Home v. French, 187 U.S. 401, 23 S.Ct. 184, 47 L.Ed. 233; 14 Ann.Cas. 716, note.

The chancellor concluded that the administrator for the wife's estate had failed to meet the burden of proof as to survivorship, and in this conclusion we concur. The husband and wife both perished in the same disaster, murdered for the evident purpose of robbery, the murderer overlooking the bucket hanging against the wall. True it may be conjectured the husband was first felled as he was at the door, but that alone will not suffice as a reasonable inference upon the question of survivorship. Whether they died at the hands of one person or more than one, whether the murderers were already in the room, or in what manner it happened, in that regard is conjecture merely. The matter of survivorship must be put down as an unascertainable fact, and the wife's claim in that regard must fail for want of proof.

My conclusion is the decree should be affirmed, and I respectfully dissent.

KNIGHT, J., concurs.