54 So.2d 782

### PEEK v. PEEK et al.

#### 3 Div. 520.

Supreme Court of Alabama.

Oct. 4, 1951.

Rehearing Denied Nov. 23, 1951.

Reynolds & Reynolds, Clanton, for appellant.

Clarence M. Small, Montgomery, for appellees.

BROWN, Justice.

The original bill in this case was filed July 30, 1945, by Annie Peek against her divorced husband J. R. Peek. Pending the appeal in this court Annie Peek died leaving surviving several children and on motion here the cause was revived in the name of her heirs at law and the personal representative W. H. Peek, the administrator of her estate.

The original bill in separate aspects relates to different properties. The first aspect sought a sale of 40 acres of land described in the bill alleged to be jointly owned by the complainant and the defendant. The other aspect sought to quiet the title to 6 and 1/8th acres of land which is specifically described in the bill by metes and bounds as located in Section 20, Township 20, Range 16, Autauga County, Alabama.

After demurrer filed to the bill in each of said aspects it was amended by striking out the allegations of the bill as to the second aspect and as thus amended proceedings were had thereon to final decree.

The respondent filed an answer to the bill as amended, made the same a cross-bill and thereafter amended the cross-bill claiming that said 6 and 1/8th acres of land described in the original bill was also the joint property of the parties. The cross-bill was also amended alleging in substance and legal effect that said property was acquired by the joint efforts of the complainant and the defendant, together with personal property which was left in her possession after the defendant was divorced from her. The cross-bill seeks the sale of said property for division and accounting for the value of the property left in possession of the complainant some

of which was sold, as the cross-bill alleges, and for general relief.

The allegations of the cross-bill pertinent to this appeal are:

"* * * Respondent avers that, as a result of their joint efforts and joint agreement, the complainant and the respondent also acquired a tract of land located in Autauga County, Alabama, and described as follows:

"Beginning at the Southeast corner of the Northeast quarter of the Northeast quarter of Section 20, Township 20, Range 16, run then West along the South boundary line of said subdivision 68 feet; thence West 16 degrees North of West 104 feet; thence West 1 degree South of West 355 feet; thence South 22 degrees West of South 331 feet to the Birmingham-Montgomery Highway; thence North about 23 degrees West of North along the East side of said Highway 533 feet; thence east 3 degrees and 45 minutes North of East, parallel with the South boundary of the Northeast quarter of the Northeast quarter of Section 20, Township 20, Range 16, 835 feet to the East boundary line of said subdivision; thence South along the said East boundary line 278 feet to the point of beginning, being 6 and 1/8 acres, more or less, in the East half of the Northeast quarter of Section 20, Township 20, Range 16.

"That the Complainant and respondent, while residing together as husband and wife and for a period of six or seven years prior to 1942, were engaged in operating as a joint enterprise a home for the aged and infirm in or near Marbury in Autauga County, Alabama, and in a home which was then and had been for a long time prior thereto occupied by the complainant and respondent as their home and in which one or more of their six children resided at all times. That, as a result of the joint enterprise and operation of said home by the complainant and respondent as aforesaid, they acquired and accumulated funds for investment. That the complainant and respondent jointly agreed and entered into negotiations for and made arrangements for the purchase of jointly the tract of land hereinabove described from Mrs. J.

B. Holland, Mrs. Myrtle Simms, A. Y. Clements and Mrs. Minnie L. Myers, who were or were supposed to be the widow and next of kin of J. B. Holland, deceased, who were the owners of said lands. That the complainant in this cause, in fraud of the rights of the respondent and without his knowledge and consent and subsequent to the agreement heretofore entered into, connived and conspired with the owners of the said property and in lieu of the deed which was theretofore executed and agreed to be executed by the owners of said property to the complainant and the respondent in this cause, destroyed or concealed the said deed and executed in lieu thereof a deed to the complainant, Annie Peek. That the respondent avers and charges that the deed to the complainant and respondent was executed by the owners of said property prior to December 31st, 1942, and the possession of said land was assumed and taken into possession by the complainant and the respondent prior to said date and duly assessed for taxes on December 31st, 1942, by the complainant and respondent, and respondent avers on information and belief that the complainant in this cause wilfully and knowingly destroyed the deed theretofore executed and delivered to the complainant and respondent and had executed in lieu thereof a deed which is recorded in deed book 68 at page 389 in the office of the Judge of Probate of Autauga County, Alabama. That said deed proports (purports) to have been executed on May 4th, 1943, by Mrs. J. B. Holland, Mrs. Myrtle Simms and Mrs. Minnie L. Myers and was filed in the Office of the Judge of Probate of Autauga County, Alabama, on October 11th 1943, a copy of said deed as so recorded being hereby adopted as a part of this respondent's answer and cross-bill and made a part hereof, as if written herein.

"And the respondent and cross-complainant further amends the prayer of said answer and cross-bill as follows:

"By adding as Paragraph 3 of said prayer the following paragraph, to-wit:

"That the deed executed by Mrs. J. B. Holland, et als. to Annie Peek on May 4th, 1943, be reformed and that J. R. Peek be

named in said deed as a grantee and that said deed be reformed to read to Annie Peek and J. R. Peek as joint owners and tenants-in-common".

The amended cross-bill was filed November 26, 1947 and the last quoted amendment was filed May 6, 1948.

The cause was submitted for final decree upon the original bill as last amended, answer and cross-bill as amended, the answer thereto by the complainant, exhibits and testimony noted by the register, such testimony being given *ore tenus* before the court. The court in the final decree granted complainant relief, and ordered the sale of the 40 acre tract described in the original bill admitted by the defendant to be jointly owned, as to which there is no controversy on this appeal.

The assignments of error challenge the soundness of the decree insofar as it dismisses the cross-bill and denies cross-complainant relief and challenges the ruling of the court in overruling the appellant's objection to the deed executed by Mrs. J. B. Holland and others to the complainant Annie Peek to the property described in the cross-bill dated the 4th of May, 1943, and recorded in the office of the Judge of Probate of Autauga County on the 13th of April, 1943, on p. 389 in Book of Deeds No. 68.

■■ The appellant insists that the undisputed evidence proves the allegations of his cross-bill and therefore the court erred in dismissing the same. As we read the record it falls far short of proving the allegations of the cross-bill. To state the testimony in substance it shows that prior to the time complainant began the operation of the rest home for old and disabled patients, which she served and attended with the aid of some of her children, the respondent abandoned the family, who were in necessitous condition, and came to Montgomery from where he sent a letter to a woman (off color) and offered to pay her expenses, railroad fare, to Montgomery to stay with him. This letter was intercepted by friends of the complainant and delivered to her and this incident was followed by complainant's removal to Autauga County

where she established such nursing home. The evidence further goes to show that the cross-complaint was a ne'er-do-well and after their removal to Autauga County he lived in the home without giving much aid or assistance if any to the family. The family was supported by the complainant through the operation of said home. During the time she was engaged in this business with Peek's consent, she contracted to purchase the 6⅛th acres of land from Mrs. Holland, a widow, and the other parties who signed the deed, and paid the purchase money out of her earnings. Although said deed was defectively acknowledged the execution thereof appears to have been attested by two witnesses and it was filed for record and recorded and was admissible in evidence as showing the complainant acquired the equitable title to said property and said defectively executed deed was color of title in her, enforceable in equity as a contract to convey. Niehuss v. Ford, 251 Ala. 529, 38 So.2d 484. Said deed was properly received in evidence on the trial of the case between the parties. The evidence is in sharp conflict as to what contributions, if any, the cross-complainant made to the operation of the nursing home. Many witnesses testified in the presence of the trial judge, who had a better opportunity to observe their demeanor and to weigh their testimony.

Our conclusion is that the great weight of evidence supports the contentions of the complainant that she operated the nursing home with but little aid from the cross-complainant who held an office as constable and deputy sheriff and was away from the home the greater part of the time.

■■ The evidence shows that the complainant collected from the inmates of said nursing home the charges which she made for her services and expended it in maintaining the home in which the husband remained even after she obtained a divorce from him. The evidence goes to show that if Peek obtained possession of any of the money received from maintaining the nursing home, he obtained it from his wife by going to the kitchen after it. With the funds which she obtained from the operation of the nursing home the complainant

furnished the same, maintained it and conducted all of the business in respect thereto. It is well settled "When there is a joint possession by husband and wife, the law refers the legal possession to the one who has the title, if that can be ascertained." Vaughan v. Borland, 234 Ala. 414, 175 So. 367, 368, 111 A.L.R. 1370. There is evidence in the case going to show that the management and control of said nursing home was in the wife and there is a clear basis for the finding of the trial court that it was her property. American Nat. Bank & Trust Co. v. Powell, 235 Ala. 236, 178 So. 21.

There is no evidence of fraud on the part of the wife in respect to the deed executed by Mrs. Holland and others. True Peek directed the scrivener to make the deed to them jointly, but she repudiated the deed in his presence, and it was returned to the grantors. The deed received in evidence subsequently executed, delivered and recorded was evidence of that transaction and properly admitted in evidence.

After full consideration of the record we are at the conclusion that there is no error therein and that the decree of the circuit court should be affirmed. It is so ordered by the court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.