69 So.2d 691

### McINTOSH et al. v. McINTOSH.

### 6 Div. 558.

Supreme Court of Alabama.

Jan. 14, 1954.

Chester Austin, Birmingham, for appellants.

Lipscomb & Lipscomb, Bessemer, for appellee.

GOODWYN, Justice.

Appellee, complainant below, filed her bill in equity against appellants, respondents below, in the circuit court of Jefferson County, Bessemer Division, seeking a "decree that your complainant is entitled to occupy her home to the exclusion of respondents * * *, and * * * that they vacate her said home and cease and desist from molesting your complainant in and about her occupancy and enjoyment of her said home." The bill also prays that the respondents "be enjoined from entering on and going into the home of your petitioner and in any way hinder or disturb your petitioner in living in, occupying and enjoying the privileges of occupying her own home."

Appellee is the wife of William McIntosh and the appellants are the son of a

former wife of William McIntosh and the wife of the step-son. The bill alleges that appellee married William McIntosh on January 22, 1952, and that he is the "owner" of the home where they have lived since their marriage; that appellants have also lived in the same house with appellee and her husband since their marriage; that during the time that appellee has lived in the house, appellants have conducted a campaign of intolerance against her; that they have insulted her in her home and have made the use of her home embarrassing to her; that she has been made to share the cooking and eating facilities, the living room and other parts of the house with appellants; that appellants have caused her embarrassment and humiliation in and about the cooking and eating facilities and the use and enjoyment of the living room and other parts of her house; that appellants have refused, upon demand of appellee and her husband, to leave the premises and to cease and desist from humiliating, embarrassing and molesting appellee in and about the enjoyment of her home; that appellants have threatened and abused appellee and her husband during the time she has lived in her home with her husband since her said marriage; that appellee's husband is an old man and in ill health; that appellants' continued conduct and abuse toward appellee and her husband has made her husband nervous and sick and has endangered his life; and that appellants have refused to leave the home of appellee and permit her to live in peace and quietude of her home where she has a right to be.

Appellants demurred to the bill on the grounds that it was without equity, that it did not allege any interest of appellee, legal or equitable, in the property, and that for aught that appears from the bill appellants are living in the house with the consent of William McIntosh, the owner.

We have been cited to no authority, nor have we found any, which supports the equity of the bill. The right to the claimed relief appears to be based on the theory that the wife has some sort of property interest in the homestead. But, as stated in Winkles v. Powell, 173 Ala. 46, 51, 55 So. 536, 538, the one case relied on by appellee:

"The wife has no estate in the homestead when the legal title is in the husband, and the only rights she has with respect thereto are the common-law right of occupancy jointly with the husband, and the statutory right of veto against its alienation, so long as it remains the family homestead. Witherington v. Mason, 86 Ala. [345] 349, 5 So. 679, 11 Am.St.Rep. 41."

■ The right of occupancy there referred to is an incident of the marital state and springs from the husband's duty to provide the wife with a home. It is not a "right of possession" in the sense that it will support an action by the wife to oust third parties who might also be occupying the home with the consent of the husband. Of course, if they are there without the husband's consent, he, as holder of the title and having the right to possession, has ample authority to evict them. As stated in Peek v. Peek, 256 Ala. 405, 409, 54 So.2d 782, 785:

"It is well settled 'When there is a joint possession by husband and wife, the law refers the legal possession to the one who has the title, if that can be ascertained.' Vaughan v. Borland, 234 Ala. 414, 175 So. 367, 368, 111 A.L.R. 1370."

Nor do we think that the bill is sufficient to come within the influence of the cases of Henley v. Rockett, 243 Ala. 172, 8 So.2d 852, and Knighton v. Knighton, 252 Ala. 520, 41 So.2d 172. The Henley case holds that one spouse may, in a proper case, enjoin a third person from alienating the affections of the other spouse. The following is quoted from the opinion in that case [243 Ala. 172, 8 So.2d 853]:

"It is now well settled here and elsewhere that injunctive relief is not limited to the protection of property rights, but extends to the protection of personal rights in many fields where no adequate remedy at law is available. Indeed, it may be truly said the protection of property rights derives from the value of property to the owner, supply-

ing the means, the comforts, and many of the incidents of a fuller life. Try-Me Bottling Co. v. State, 235 Ala. 207, 178 So. 231; State v. Ellis, 201 Ala. 295, 78 So. 71, L.R.A.1918D, 816; 14 A.L.R. 295.

"On these premises it has been held that the hand of the court of equity may be extended to prevent an intrusion of a third person into family affairs, destructive of the consortium between spouses.

" 'One spouse may enjoin a third person from alienating the affections of the other spouse in a proper case.' 27 Am.Jur. 121, § 520."

In the Knighton case [252 Ala. 520, 41 So.2d 175] injunctive relief was denied because of the peculiar facts there present. As stated in the opinion, "the case at bar presents the anomalous situation in which the wife refuses to longer live with the husband, or, at least agrees not to do so, and sues for separate maintenance, and at the same time seeks to restrain the husband from associating with another woman." It was held that "considerations of policy and expediency forbid a resort to injunctive relief in such a case." However, the holding in the Henley case was not questioned, nor was the quoted statement from the Henley case challenged. But we do not think the allegations of the bill now before us are sufficient to show either an alienation of affections or a destruction of the consortium beween the spouses, warranting injunctive relief. Only by way of inference could the bill be so construed. Since, on demurrer, the bill must be construed most strongly against the pleader, we cannot so infer.

Judgment will be rendered here sustaining the demurrer to the bill and remanding the cause. It is so ordered.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.