In November 1977 the wife (appellee-Katherine Gartman) filed for a divorce in the Circuit Court of Jefferson County, Birmingham Division. Following an oral hearing at which both husband and wife presented evidence, Mr. and Mrs. Gartman were divorced on the ground of incompatibility of temperament. The trial court ordered that the parties' three parcels of jointly owned real estate were to be sold and that the proceeds from such sales were to be divided equally between them. The real estate was valued at approximately $87,000. In addition the wife was awarded $25,000 as alimony in gross and the husband was directed to pay her periodic alimony in the sum of $350 a month. This sum is to be reduced to $200 a month in March of 1979. From the trial court's divorce decree the husband has filed this appeal. *Page 713 
The husband has presented four issues for our consideration in this matter. The first issue concerns the husband's contentions (1) that an award of alimony was improper because the wife's separate estate was adequate for her maintenance and (2) that the trial court could not award both alimony in gross and a property settlement in the same divorce judgment. We find no merit to either of these contentions.
A wife's "separate estate" is that property over which she exercises exclusive control and from which the husband derives no benefit by reason of the marital relationship. 41 C.J.S.Husband Wife § 226 (1944); 38A Words Phrases SeparateEstate 396 (1967). See Peek v. Peek, 256 Ala. 405, 54 So.2d 782
(1951). In the present case the trial court concluded that the separate estate of the wife should be valued at approximately $19,000. To this sum the husband would add the proceeds from the sale of the couple's jointly owned properties as well as the $25,000 awarded as alimony in gross. However, a determination of the wife's separate estate is to be made prior
to the divorce decree and shall not include the interest of the wife in a division of jointly owned property nor an award she receives as alimony in gross. Thus, we cannot say that the trial court erred in determining that it was necessary to augment the wife's separate estate of $19,000 with support from the husband.
The husband also contends that the trial court incorrectly ordered a division of jointly held assets and an award of alimony in gross in the same decree. The husband argues that such an action is impermissible because alimony is awarded in lieu of a division of the parties' estate. We disagree.
An award of alimony may include both alimony in gross and periodic alimony. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974); Gwin v. Gwin, 55 Ala.Civ.App. 597, 318 So.2d 296
(1975). To this court, the logical corollary of the above principle is that a divorce decree may contain a division of property, alimony in gross and periodic alimony. See Thompsonv. Thompson, 282 Ala. 248, 210 So.2d 808 (1968); Le Maistre v.Baker, 268 Ala. 295, 105 So.2d 867 (1958); Gamble v. Gamble,53 Ala. App. 168, 298 So.2d 254 (1974); Ex parte Parker, Ala.Civ.App., 334 So.2d 911 (1976). Consequently, a trial court has the discretion to order a division of property and enter an award of alimony in the same decree.
The second issue presented on this appeal involves the husband's assertion that the cumulative effect of the division of property and the amounts awarded as alimony in gross and periodic alimony is punitive to the husband. However, it has become fundamental that an award of alimony and a division of property will not be held excessive or punitive unless the trial court has plainly and palpably abused its discretion in such matters. Gamble v. Gamble. We find no such abuse of the trial court's discretion in the instant case.
The parties' jointly owned property was divided equally. Thus, we cannot say the trial court erred in the division of their property. Nor can we say the amount of alimony in gross is excessive. Mr. and Mrs. Gartman were married for thirty-seven years. At the time of the trial the wife was fifty-seven years of age and the husband was sixty-nine. Statistically, the wife can be expected to outlive the husband by several years[1] and will not be receiving periodic alimony during the years she survives the husband. Moreover, the husband's separate estate is valued at over $74,000. He will also receive one-half of the proceeds from the sale of their jointly owned property. In view of these facts, we are not persuaded that an award of $25,000 as alimony in gross was excessive. Likewise, we are unable to hold that the amount of periodic alimony awarded was excessive. The wife is presently employed at a parttime job which produces a weekly income of approximately $27. Nor does she appear to have *Page 714 
any appreciable skills which would improve her future prospects for employment at an adequate salary. In addition, the couple's jointly owned residence will be sold as a result of the divorce decree and the wife will be required to obtain her own lodging. Hence, when considered with the other factors relevant in formulating an award of alimony, the wife's future prospects and her need for a home demonstrate that an award of $350 as periodic alimony was not so excessive as to constitute plain and palpable abuse of the trial court's discretion.
We would further note that the award of periodic alimony in the amount of $350 a month is to be reduced to $200 a month in March of 1979. This clause was obviously added to the divorce judgment with the husband's impending retirement in mind. Upon his retirement in March of 1979 the husband will receive total benefits of $1,100 a month. Balanced against the wife's projected earning capacity, we do not find that $200 a month is an unreasonable award. See Leo v. Leo, 280 Ala. 9,189 So.2d 558 (1966).
Our review of the decree does not reveal that the awards of alimony and division of property, whether considered separately or as a whole, were excessive or punitive. This finding bears upon the husband's third contention which is that the trial court erroneously excluded opinion evidence regarding the husband's treatment of the wife.
At trial the wife testified that the marriage had been deteriorating for some years and that the husband mistreated and constantly criticized her. Subsequently, witnesses for the husband were asked if Mr. Gartman had a good reputation as a husband and a family man. Objections were sustained to questions submitted to these witnesses regarding their opinion of his treatment of the wife. However, the subject matter of these questions was developed in later questioning. The husband now maintains that the property division and the amount of alimony awarded by the trial court demonstrates that the court considered him at "fault" for the marital breakup and that he should have been allowed to present opinion evidence concerning his lack of fault in the breakdown of the marriage in answer to the wife's testimony that he mistreated her.
This case was pleaded, tried and decided on the ground of incompatibility of temperament. While "fault" may be considered in the amount of alimony awarded as a result of a divorce based on incompatibility, the record before us does not indicate that the amount of alimony awarded was premised on the conduct of either of the parties. Gamble v. Gamble; Phillips v. Phillips,49 Ala. App. 514, 274 So.2d 71 (1973). Moreover, since evidence of the husband's lack of fault in the marital breakup was developed by testimony other than that which was excluded, the action of the trial court in sustaining objections to questions regarding the witnesses' opinions about the husband's treatment of the wife constituted harmless error. The excluded testimony would at best have been cumulative, and the husband has made no showing that the sustention of objections to these questions "injuriously affected" his substantial rights. Rule 61, ARCP.
The fourth and final issue raised on appeal concerns the husband's argument that the Alabama alimony statute is unconstitutional. §§ 30-2-50-53, Code of Alabama 1975. However, we have refused to hold the alimony statute unconstitutional.Orr v. Orr, Ala.Civ.App., 351 So.2d 904, cert. den. Ala.,351 So.2d 906 (1977); Blackwell v. Blackwell, Ala.Civ.App.,348 So.2d 500 (1977).
We conclude that there is no basis for reversing the trial court. For the reasons stated above, the final judgment of divorce is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The wife's remaining life expectancy is 26.1 years and the husband's is 13.7 years. U.S. Dept. of HEW, American Council of Life Insurance's Life Insurance Fact Book 94 (1978) (expectancy tables of 1976). *Page 715