EMBRY, Justice
(concurring specially):
On 14 March 1978, a decree of divorce was entered dissolving the bonds of matrimony of 0. Donald Gartman and Katherine Gartman. That decree awarded Mrs. Gart-man a division of property, alimony in gross, and periodic alimony. Gartman appealed and the Court of Civil Appeals affirmed on 6 December 1978. This court granted the writ of certiorari to review this ease in light of the 5 March 1979 decision of the U.S. Supreme Court in Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), which declared Alabama’s alimony statutes unconstitutional.
In this case, Gartman timely raised the issue of the constitutionality of Alabama’s alimony statutes at the initial trial. The Court of Civil Appeals 376 So.2d 711, rejected Gartman’s constitutional argument (in an opinion issued prior to Orr) and held Alabama’s alimony statutes to be constitutional. Because of the U.S. Supreme Court’s decision in Orr, I would reverse the Court of Civil Appeals.
The issue before us is what effect does Orr have on a divorce decree which granted alimony to the wife under the old unconstitutional alimony statutes, where the husband properly objected, at the initial trial, on the ground that the alimony statutes were unconstitutional. The issue in this case also involves the correctness of the Court of Civil Appeals’ opinion issued on the remand of Orr to it by the U.S. Supreme Court. See Orr v. Orr, 374 So.2d 895 (Ala.Civ.App.1979).
On remand in Orr, the Court of Civil Appeals attempted by judicial fiat to make the old Alabama alimony statutes constitutional by extending the statutes to cover husbands. After making this extension, the Court of Civil Appeals affirmed the trial court’s alimony award. I recognize that courts have the power to extend, in certain instances, the coverage of statutes that are unconstitutional because they are not sufficiently inclusive. See, e. g., Califano v. Goldfarb, 430 U.S. 199, 97 S.Ct. 1021, 51 L.Ed.2d 270 (1977); Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970); Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114 (1950). It is not, however, the function of this court to usurp the role of the legislature and correct defective legislation. Employees Retirement System of Alabama v. Head, 369 So.2d 1227 (Ala.1979). In this instance, the legislature has acted promptly and corrected Alabama’s defective alimony laws by making such statutes “neuter gender.” See Act No. 79-241 and Act No. 79-486, Acts of Alabama, Regular Session, 1979. I, therefore, conclude it would be improper legislation upon the part of the judiciary to enter this area. The proper method of handling this case is for the Court of Civil Appeals to reverse the trial court’s judgment and order a new trial on the issue of alimony under *716 the recently enacted neuter gender alimony statutes.
I would, therefore, reverse the Court of Civil Appeals and remand this case to that court for a decision not inconsistent with this opinion.
ALMON and BEATTY, JJ., concur.
On remand, Ala.Civ.App., 376 So.2d 716.